## MARTHA MITCHELL

*v.*

## THE ILLINOIS AND ST. LOUIS RAILROAD AND COAL CO.

1. RIGHT OF WAY—*right of possession under condemnation.* Under the act of 1852 relating to the right of way, where an appeal was taken from the decision of the commissioners, if the party seeking the condemnation desired to enter upon and occupy the property pending the appeal, it was necessary that a bond should be given to the person whose property was sought to be taken, to secure the payment of the judgment that might finally be rendered. Possession taken forcibly pending an appeal, without giving such bond, is illegal, and may be recovered back in an action of forcible entry and detainer.

2. SAME—*effect of new constitution on proceedings under act of* 1852. The provisions of the constitution of 1870 giving the right of trial by jury, in all cases for the condemnation of land by incorporated companies, were in force from and after the adoption of the constitution, without the aid of specific legislation to enforce them, and repealed so much of the act of 1852 as authorized the land to be entered upon before a trial by jury.

3. STATUTES — *construction — whether directory or mandatory.* Where special proceedings are authorized by statute, by which the estate of one person may be divested and transferred to another, every material provision of the statute, especially those designed for the owner's benefit and security, must be strictly complied with. A statute providing how the property of an individual shall be condemned for public use, is not merely directory but is mandatory.

APPEAL from the Circuit Court of St. Clair county; the Hon. JOSEPH GILLESPIE, Judge, presiding.

This was an action of forcible entry and detainer, by Martha Mitchell, against the Illinois and St. Louis Railroad and Coal Company, commenced before a justice of the peace. The cause was taken by appeal from the justice's judgment to the circuit court, where a judgment was rendered in favor of the defendant, from which the plaintiff appealed.

Messrs. C. W. & E. L. THOMAS, for the appellant.

Messrs. G. & G. A. KŒRNER, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

On the trial of this case in the court below, it was admitted by appellee that appellant, at the time of filing her complaint, was entitled to possession of the premises sued for; that, on the day mentioned in the complaint, appellee forcibly entered and ousted appellant of her possession, and still holds the same from her, and that proper written demand was made before suit was brought. To justify this forcible entry and detainer, appellee offered in evidence, and it was received by the court against appellant's objection, a record showing that the premises in controversy were condemned and taken by appellee for the right of way for its road, and that appellant's damages sustained thereby were assessed, by commissioners appointed for that purpose, at $1. It was also admitted that the damages thus assessed were tendered to appellant; that she refused to accept the amount and appealed from the decision of the commissioners, and that the amount was then deposited with the county treasurer.

The record of condemnation shows that it is claimed to have been made under and pursuant to the act relating to right of way, approved June 22, 1852 (laws of 1852, p. 146); that the commissioners were appointed by the judge of the county court of St. Clair county, on the 17th day of October, 1870, and their report in writing was made on the 28th day of the same month.

The only question necessary to be noticed is, does the record of condemnation, as it is copied herein, justify appellee in entering upon the premises in controversy, and withholding their possession from appellant without her consent?

We do not think it does. It does not appear that appellee is entitled to possession, either under the act of 1852, under which the condemnation purports to have been made, nor under the provisions of the present constitution.

Under the 12th section of the act of 1852, relating to right of way, when an appeal was taken from the decision of the

commissioners, if the party seeking the condemnation desired to enter upon, possess and occupy the property, pending the appeal, it was necessary that a bond should be given to the person whose property was sought to be taken, to secure payment of the amount of the judgment that should be finally rendered. This record furnishes no evidence that such bond was given. By the 15th section of that act it is provided that, "Upon verdicts rendered by juries, judgments shall be entered, declaring that upon the payment of compensation and damages, or either, as the case may be, the right and title to the same for which the compensation is to be made, or on account of which damages are allowed, shall vest in the State, county, corporation or person petitioning as aforesaid, with the right to enter upon, use and apply the same for the purposes stated in the petition." We have, in this record, no evidence that a verdict was rendered by a jury, on appeal from the decision of the commissioners, or otherwise. It appears that an appeal was taken, but it does not appear that it was tried. This statute, in prescribing how the property of the individual shall be condemned for public use, is not merely directory, it is mandatory. "It is a sound and inflexible rule of law, that when special proceedings are authorized by statute, by which the estate of one person may be divested and transferred to another, every material provision of the statute must be complied with. The owner has the right to insist upon a strict performance of all the material requirements, and especially of those designed for his security, and the non-observance of which may operate to his prejudice." *Marsh* v. *Chestnut,* 14 Ill. 225.

But the commissioners were appointed and their action taken subsequent to the adoption of the present constitution. By sec. 13, art. 2, of that instrument, it is guaranteed to the citizen that "private property shall not be taken or damaged for public use, without just compensation. Such compensation, when not made by the State, shall be ascertained by a jury, as shall be prescribed by law." And this guaranty is

reinforced by the last clause of sec. 14, art. 11, in these words:
" The right of trial by jury shall be held inviolate in all trials
of claims for compensation, when, in the exercise of the right
of eminent domain, any incorporated company shall be inter-
ested either for or against the exercise of said right." It
was held by this court, in the *People ex rel. etc.* v. *The Presid-
ing Judge etc.* 62 Ill. 38, that these provisions were in force
from and after the adoption of the constitution, without the
aid of specific legislation to enforce them, and that section
12 of the act of 1852, before referred to, was repealed by
them, for the reason that it authorized the land to be entered
upon before a trial by jury.

It is argued that it would be against public policy, on a
mere technicality, to destroy the entire franchise of a corpora-
tion chartered by a State, and deprive the public of this high-
way, etc., etc., for this, it is argued. would necessarily and
logically be the result of appellant's success.

Without at all conceding that these results will flow from
appellant's success, we answer, that the objection to the con-
demnation, in this case, is not a mere technicality. The
private property of an individual has been taken in violation
of the constitution and law, and however important and
sacred may be the chartered rights of a corporation, they can
not be more so than is the right of the humblest individual
to be protected in the enjoyment of his or her property. The
right to take private property, without the consent of the
owner, for public use, after making due compensation as
required by the constitution, even under the most favorable
circumstances, savors of hardship and oppression. Nothing
but public necessity can justify it. and the welfare of the cit-
izen imperatively demands that it shall never be asserted
except in strict conformity with the law of the land. If
appellee, regardless of individual rights, has taken property
and expended a large sum of money, which will be imperiled
by the assertion of individual rights, it must bear the conse-
quences as best it may. It can not be allowed to urge, as a

19—65TH ILL.

defense to the wrongful steps that it has taken, the existence of rights growing out of, or predicated upon those wrongful steps.

We do not undertake to say what effect the verdict of the jury, when rendered upon the trial of the appeal from the condemnation, may have upon the rights of these parties. It will be time enough to consider that question when, if ever, it shall be properly before us.

The judgment of the circuit court is reversed and the cause remanded.

*Judgment reversed.*