620:30 Fed
36 LRA

HUGH A. WHITE *et al.* Trustees,

*v.*

METROPOLITAN WEST SIDE ELEVATED RAILROAD Co.

*Filed at Ottawa November 27, 1894.*

EMINENT DOMAIN—*damages to a separate tract cannot be shown.* In a proceeding to condemn by a railroad for right of way, damages to another lot separated from that sought to be taken by a street can not be shown, such damage being the proper subject for an action at law; and this is true, although the two tracts were designed to be used for one purpose.

APPEAL from the Superior Court of Cook county; the Hon. JAMES GOGGIN, Judge, presiding.

This is a proceeding instituted by the Metropolitan West Side Elevated Railroad Company for the condemnation of certain property for its right of way. The premises belonging to appellants, Hugh A. White, George M. Bogue and John Roche, trustees under the last will and testament of Allen C. Lewis, deceased, sought to be appropriated by the company, are described in the petition as the south fifty feet of the north fifty-five and seventy-one one-hundredths feet of the west seventy and one-half feet of that part lying east of the Bowery and south of William (now called Tilden) street, of block 26, in the canal trustees subdivision of the west half, and the west half of the north-east quarter of section 17, township 39, north, range 14, east of the third principal meridian, and marked lot 6 on the plat shown herein. This lot is located upon Congress street, at the north and east corner of Congress street and the Bowery, and has a frontage of about seventy-one feet on Congress street, and extends north to the street called Tilden street. The north line of the right of way sought to be acquired is five and seventy-one one-hundredths feet south of and parallel to the south line of Tilden street, and is fifty feet in width, extending south from that line.

The appellants filed a cross-petition, setting up that in addition to the premises described in the petition they are also the owners of the whole block of ground immediately north of said premises, and separated only by Tilden street; that both tracts (the one north and the one south of Tilden street) were purchased with the intention of using the same together as one property and one plant for a polytechnic institute, contemplating an expenditure of several hundred thousand dollars in the constructing, completing and equipping of buildings, etc.; that the market value of each of said tracts is greater because of the ownership of the other in connection therewith; that the appropriation by petitioner of the tract described in the petition will damage and decrease the market value of the land north of Tilden street to the extent of $50,000, and will prevent the improvement of each of said tracts for school purposes, as contemplated, and will interfere with their use for other purposes, and will cause a loss to the respondents and to said property north of Tilden street of the sum of $50,000; that the damages to respondents' property are special and peculiar, and are actual and physical, and not such as will be caused to property, generally, in the vicinity; that by the operation of petitioner's road, soot, cinders, smoke, etc., will be thrown upon respondents' property north of Tilden street, and will affect and lessen the market value of the same $50,000 or more.

On a trial before a jury the appellants offered to show the damage to the property north of Tilden avenue by reason of the construction and operation of the railroad upon the property south of Tilden avenue, but the petitioners objected to the offered evidence, and the court held, that as no part of the property north of Tilden avenue was taken the evidence was not admissible. The jury returned a verdict for $8280.11 for the property taken and for damages to that portion of lot 6 not taken, upon which the court rendered judgment.

The following plat introduced in evidence shows the streets and location of the property involved:

ELBERT H. GARY, for appellants :

In a condemnation case, where there is a cross-petition, there should be assessed, as compensation, the value

of the property taken, and also all damages to the remainder which will result from the appropriation of a part, and the construction and operation of the railroad thereon.    Constitution and statute; *Mix* v. *Railroad Co.* 67 Ill. 319; *Jones* v. *Railroad Co.* 68 id. 380; *Railroad Co.* v. *Birkbeck*, 70 id. 208; *Railroad Co.* v. *Sawyer*, 71 id. 361; *Bloomington* v. *Miller*, 84 id. 621; *Railroad Co.* v. *Hopkins*, 90 id. 316; *Railroad Co.* v. *Mayrand*, 93 id. 591; *Railway Co.* v. *Wachter*, 123 id. 440; *Railroad Co.* v. *Loeb*, 118 id. 203; *Railroad Co.* v. *McDougal*, id. 229; *Railway Co.* v. *Thillman*, 143 id. 135; *Johnson* v. *Railway Co.* 111 id. 416; *Railroad Co.* v. *Scott*, 132 id. 429.

The question of damages, under the law of eminent domain, includes every element of effect upon the market value, notwithstanding the property affected is separated by a street from the property taken.    *Railroad Co.* v. *Darke*, 148 Ill. 226; *Rigney* v. *Chicago*, 102 id. 64; *Railroad Co.* v. *Ayres*, 106 id. 511; *Railroad Co.* v. *Scott*, 132 id. 429; *Insurance Co.* v. *Heiss*, 141 id. 35; *Parker* v. *Catholic Bishop*, 146 id. 165; *Railroad Co.* v. *Sawyer*, 71 id. 361; *Railroad Co.* v. *Birkbeck*, 70 id. 211; *Mix* v. *Railroad Co.* 67 id. 319; *Johnson* v. *Railway Co.* 111 id. 413; Lewis on Eminent Domain, secs. 221, 225, 227, 233, 234, 236; Pierce on Railroads, 174, 175, 206, 212, 213; Mills on Eminent Domain, sec. 167; *McCarthy* v. *Met. B. of W. L. R.* 7 C. P. 508; *Welch* v. *Railroad Co.* 27 Wis. 108; *Chapman* v. *Railroad Co* 33 id. 629.

E. J. HARKNESS, and W. W. GURLEY, for appellee.

CRAIG, J.:    Section 13 of article 2 of the constitution provides: "Private property shall not be taken or damaged for public use without just compensation.    Such compensation, when not made by the State, shall be ascertained by a jury, as shall be prescribed by law." It will be observed that no part of the block of ground north of Tilden street was taken by the railway company, and, as has been seen, the railway company took only a

part of lot 6, which is separated from the block by a street. Whether appellants' block lying north of Tilden street has been or will be damaged by the construction and operation of the railway on and over a part of lot 6 is not the question presented by this record, but the question here involved, and the only one, is, whether appellants are entitled to recover whatever damages they may have sustained, if any, in this proceeding.

In *Stetson* v. *Chicago and Evanston Railroad Co.* 75 Ill. 74, a bill was filed by a lot owner who owned lots fronting on the street, to enjoin the construction and operation of a railroad in the street, under an ordinance passed by the city of Chicago, until the damages should be ascertained and paid. There no part of the lots had been taken, and the fee of the street upon which the railroad was constructed was in the city. It was held, first, that a court of equity had no jurisdiction,—that the complainant's remedy was at law; and in discussing the right of an owner to recover damages to property not taken, under the Eminent Domain act, it is said: "A portion of the land having been taken, the remainder may be damaged in consequence of the taking. Where the party seeking to make the condemnation has not embraced all of the owner's contiguous lands not actually taken, but damaged, the owner may file a petition in the nature of a cross-petition. * * * It must be in this sense the word 'damaged' is employed in the act to provide for the exercise of the right of eminent domain. The damages are direct and physical, and result from taking a portion of the land. But where no portion of the land is taken, and the damages suffered are consequential, by reason of what the corporation does upon its own land or that of another, it does not seem there is any warrant for instituting proceedings for the ascertaining of such damages." The rule declared in the *Stetson case* was approved in *Peoria and Rock Island Railway Co.* v. *Schertz*, 84 Ill. 135.

In the discussion of the same question in *Penn Mutual Life Ins. Co.* v. *Heiss*, 141 Ill. 35, it is said: "It has, however, been repeatedly held that a railroad company acquiring the right to lay its tracks in the streets of a city is not required to institute condemnation proceedings in respect of damages which may accrue to owners of property abutting such streets; and where no part of the land of an abutting lot owner is entered upon or sought to be condemned for public use, the owner is not entitled to have proceedings instituted, under the Eminent Domain law, to ascertain what damage his property may sustain in consequence of the construction and operation of a railroad, * * * but the land owner is remitted to his action at law to recover his damages."

In *Parker* v. *Catholic Bishop*, 146 Ill. 158, it was held: "Where no part of the land or property of the complaining owner is physically taken for or in making the proposed public improvement, and the damages claimed to result are therefore consequential, only, this provision of the constitution [relating to eminent domain] does not require the ascertainment and payment of such damages as a condition precedent to the exercise of the right or power." It was further said that the damages referred to in the constitution are direct and physical, resulting from a taking of a portion of the land, and when no portion of the land is taken the damages suffered are consequential, and condemnation proceedings are not required to be instituted to ascertain the same; that it is sufficient to answer the constitutional requirement that a remedy is provided for the recovery of such damages by an action at law.

The principle announced in the cases cited would seem to control the question presented by this record. The land north of Tilden street alleged to have been damaged was not contiguous to that portion of the lot taken by the railroad company, as it was separated by a street, the fee of which was in the city of Chicago, and no part

of that ground was taken. The damages suffered to the property north of Tilden street were not direct, resulting from a taking of a part of that land, but were consequential, and the railway company was not required to include that property in its petition for condemnation; nor could appellants, by cross-petition, compel the adjustment of damages to property no part of which had been taken, and which was not contiguous to the property taken. If by the construction and operation of the railroad on the lot south of Tilden street the property of appellants lying north of that street will be specially damaged, and the damages sustained by appellants are not common to the public, they have a complete remedy, in an action at law, to recover all damages sustained; but where proceedings are instituted, under the Eminent Domain act, to condemn one lot or tract of land, the owner cannot bring into that proceeding another tract of land not contiguous and not connected with the land condemned, no portion of which has been taken, and recover such consequential damages as he may have sustained.

But it is said, the two tracts of land were purchased to be used for one purpose, as one tract of land. Whatever may have been the intention or purpose in purchasing the two tracts of land can make no difference. The two tracts of land must be considered as they existed when the proceeding was instituted. At that time they were separated by a public street. They were in no manner connected, and never could be connected without the consent of the city, which may never be obtained. They were not used for any common purpose as one tract of land. Two tracts of land might be so connected and used as to constitute but one tract, and in such a case, in a proceeding to condemn a part, it would be proper to consider the damages to the whole. But this record presents no such case.

No fault is found with the judgment for the land taken and damaged south of Tilden street, and as no error is perceived in the ruling of the court in the exclusion of evidence as to the tract of land north of Tilden street, the judgment will be affirmed.   *Judgment affirmed.*