OWEN F. ALDIS *et al.* Trustees,

*v.*

THE UNION ELEVATED RAILROAD COMPANY.

*Opinion filed April 24, 1903—Rehearing denied October 7, 1903.*

1. ELEVATED RAILROADS—*city cannot grant right to damage property without compensation.* A city may lawfully grant to an elevated railroad company the right to construct its railroad in the street, but such grant does not relieve the company from liability for damage to abutting private property.

2. SAME—*matter of damage to abutting property in case of elevated roads and street railways is the same.* The right of an abutting owner to recover damages for an injury to his property abutting upon the street, by reason of the construction and operation of a railroad in the street, is the same whether the railroad is an elevated road or a surface street railway.

3. SAME—*property owner's recovery not confined to tortious acts.* If the property of an abutting owner is depreciated in value by the construction and operation of an elevated railroad, he may recover damages under section 13 of article 2 of the constitution, and his right is not limited to tortious acts of the company.

4. SAME—*owner may sue for damages after road is constructed.* In case property is not actually taken for the purpose of an elevated railroad the owner may sue for damage to the property after the road is constructed, but the measure of damages and rules of evidence are the same as though a condemnation proceeding had been brought to determine the damages prior to the construction.

APPEAL from the Circuit Court of Cook county; the Hon. FRANK BAKER, Judge, presiding.

PECKHAM, BROWN & PACKARD, and PIKE & GADE, for appellants:

In condemnation proceedings the true test of damage to land not taken, and its measure, is the depreciation in value shown by the market price before and the market price after the "public use" complained of. *Railway Co.* v. *Stickney,* 150 Ill. 362; *Dupuis* v. *Railroad Co.* 155 id. 97; *Railroad Co.* v. *Atterbury,* 156 id. 281; *Braun* v. *Railroad Co.* 166 id. 434.

No difference exists between the rule which should govern in the ascertainment of the damages to land not taken in condemnation suits and the rule for such ascertainment where a corporation exercising a public use has damaged, without taking, land, and is sued in an action on the case therefor. *Railroad Co.* v. *Loeb*, 118 Ill. 203.

The measure of damages caused by the construction and operation of a railroad being the depreciation in value of the property damaged, all incidental annoyances, injuries and offenses peculiar to the property in question and its owners and occupiers, as distinguished from the general public, are admissible in evidence under a declaration which asks for the damages caused by such depreciation. *Railroad Co.* v. *Bowman*, 122 Ill. 595; *Railroad Co.* v. *Stickney*, 150 id. 362; *Railroad Co.* v. *Springer*, 171 id. 170.

WILSON, MOORE & MCILVAINE, also for appellants:

The measure of damages to property not taken is the same whether the question arises in an action on the case by an abutting property owner or by cross-petition in a condemnation suit. *Stetson* v. *Railroad Co.* 75 Ill. 74; *Railroad Co.* v. *Scott*, 132 id. 429; *Railroad Co.* v. *Springer*, 171 id. 170; *Railroad Co.* v. *Loeb*, 118 id. 203; *Insurance Co.* v. *Heiss*, 141 id. 35; *Railroad Co.* v. *Stickney*, 150 id. 362; *White* v. *Railroad Co.* 154 id. 620; *Railway Co.* v. *Darke*, 148 id. 226; *Railway Co.* v. *Nix*, 137 id. 141; *Railroad Co.* v. *Wedel*, 144 id. 9; *Railway Co.* v. *Leah*, 152 id. 249; *Railway Co.* v. *Francis*, 70 id. 238; *Page* v. *Railway Co.* 70 id. 324; *Eberhart* v. *Railway Co.* id. 347; *Railway Co.* v. *Ayres*, 106 id. 511.

The measure of damages, in both classes of cases, to property not taken, consists of the depreciation in value caused by the acts of the public or the corporation exercising public functions.

Every element which tends to reduce the value of private property must necessarily be considered and taken into account, for otherwise it would be impossible to off-

set the benefits, and this must be done in order to judge whether there is any net injury to be compensated for. *Page* v. *Railroad Co.* 70 Ill. 324; *Eberhart* v. *Railroad Co.* id. 347; *Springer* v. *Chicago*, 135 id. 552.

KNIGHT & BROWN, and WILLIAM G. ADAMS, for appellee:

There is a wide and well-defined difference between a railroad constructed for general traffic and a street railroad. *Harvey* v. *Railroad Co.* 174 Ill. 295; *Dewey* v. *Railway Co.* 184 id. 426.

A railroad may be a street railroad even though the cars are propelled by dummy engines. *Smith* v. *Railway Co.* 87 Tenn. 626; *Williams* v. *Railroad Co.* 41 Fed. Rep. 556; *Newell* v. *Railroad Co.* 35 Minn. 112; *McQuaid* v. *Railway Co.* 18 Ore. 237.

The test in determining whether a railroad is a street railroad or a commercial railroad is in all cases the use made of the street.   If the railroad is used to facilitate travel in the street it is a street railroad. *Harvey* v. *Railroad Co.* 174 Ill. 295; *Newell* v. *Railroad Co.* 35 Minn. 112; *Williams* v. *Railroad Co.* 41 Fed. Rep. 556; *Briggs* v. *Railroad Co.* 79 Me. 360; *Brown* v. *Duplessis*, 14 La. Ann. 842; *Railroad Co.* v. *Railroad Co.* 156 Ill. 255; *Taggart* v. *Railroad Co.* 16 R. I. 669; *Halsey* v. *R. T. Co.* 47 N. J. Eq. 380; *Railroad Co.* v. *Railway Co.* 149 Pa. St. 1.

The elevated railroad of appellee has been decided by this court to be a street railroad. *Doane* v. *Railroad Co.* 165 Ill. 510; *Phelps* v. *Railroad Co.* 166 id. 131; *Strong* v. *Railroad Co.* id. 207; *Cummings* v. *Railroad Co.* 169 id. 33; *Palmer* v. *Railroad Co.* id. 122.

A street railroad constructed in the street is not an additional burden placed upon the street, but is within the uses contemplated in the original dedication. *Railway Co.* v. *Railway Co.* 156 Ill. 255; *Bond* v. *Pennsylvania Co.* 171 id. 508; *Ranken* v. *Railroad Co.* 98 Fed. Rep. 478; *Doane* v. *Railroad Co.* 165 Ill. 510.

As the appellee's elevated railroad is classed as a street railroad, it follows that it does not impose an additional burden upon the streets in which it is constructed and operated.[1] *Doane* v. *Railroad Co.* 165 Ill. 510; *Chicago Office Building* v. *Railroad Co.* 87 Ill. App. 594; *Railroad Co.* v. *Brooks,* 90 id. 173.

As the appellee's elevated railroad does not impose an additional burden upon the street, it follows that appellants, as owners of abutting property, can claim no damages caused by the construction and operation thereof in the street unless it is so improperly constructed or negligently operated as to be a nuisance. And a cause of action against appellee must necessarily be placed upon the ground that appellee is doing some unlawful act in the operation of the railroad, or that the same was improperly constructed. *Quincy* v. *Bull,* 106 Ill. 337; *Sycamore* v. *Barrows,* 150 id. 589; *Railway Co.* v. *Railroad Co.* 156 id. 255; *Railroad Co.* v. *Heisel,* 38 Mich. 62; *Bank* v. *Railroad Co.* 24 Fed. Rep. 114; *Williams* v. *Railroad Co.* 41 id. 556; *Railway Co.* v. *Faulkner,* 45 S. W. Rep. 235; *Railway Co.* v. *Foster,* 57 id. 480; *Roebling* v. *T. P. Co.* 58 N. J. L. 666; *Jones* v. *Railroad Co.* 151 Pa. St. 30; *Rafferty* v. *C. T. Co.* 147 id. 579; *Railroad Co.* v. *Limberger,* 88 Tex. 79; *Romer* v. *Railway Co.* 75 Minn. 211; *C. & P. T. Co.* v. *Mackenzie,* 74 Md. 36; *Railroad Co.* v. *Bingham,* 87 Tenn. 522.

Mr. JUSTICE HAND delivered the opinion of the court:

This was an action on the case brought by the appellants, against the appellee, in the circuit court of Cook county, to recover damages by reason of the depreciation in value of the premises of appellants, located at the north-west corner of VanBuren and Dearborn streets, in the city of Chicago, upon which is located the Monadnock building, caused by the construction and operation by appellee of its elevated railroad in VanBuren street in front of said premises, and the erection of a station, platform, stairs, etc., at the intersection of said streets.

The declaration, as amended, contained two counts, which, after describing the premises and the structure of said elevated road and method of its operation, averred that by means of the construction and operation of said elevated railroad, station, etc., their means of access to the said building and premises had been cut off, and the light, air and view obstructed, and the enjoyment of their property disturbed by the throwing of smoke, dust, cinders and filth into and upon said building and premises, by the creating and causing of loud and ominous noises and by the causing of the ground and building thereon to shake and vibrate; that the railroad is a permanent structure, and that said building and premises are greatly damaged by the construction and operation of said elevated railroad, and its appurtenances, in the streets upon which said premises abut. A demurrer was sustained to the declaration, and the appellants having elected to stand by the same, the cause was dismissed for want of a sufficient declaration, and the appellants have prosecuted an appeal direct to this court, on the ground that the construction of the first clause of section 13 of article 2 of the constitution of 1870, providing that "private property shall not be taken or damaged for public use without just compensation," is involved.

The main contention of appellee is, that its elevated railroad having been constructed in the public streets of the city of Chicago by the permission of the mayor and city council, the appellants, as abutting owners, can recover no damages caused by the location, construction and operation of said elevated railroad in the streets upon which their property abuts, unless the road is so improperly constructed or negligently operated as to make it a nuisance. We do not agree with such contention. The constitutional provision above referred to provides that private property shall not be *damaged* for public use without just compensation, and in the case of *Doane* v. *Lake Street Elevated Railroad Co.* 165 Ill. 510,

where, at the suit of an abutting owner, it was sought to enjoin the construction of an elevated railroad in one of the public streets in the city of Chicago, the relief was denied upon the express ground that the complainant had an adequate remedy at law to recover all damages which his abutting property might sustain by reason of the construction and operation of the elevated road in the street in front of his property. In that case it was said (p. 518): "'Where the fee of the street is in the city, such damages as the abutting owner may suffer from the laying of a railroad track in the street are merely consequential,—so far, at least, as they affect the property abutting on the street. In such case, as there is no physical taking of the land, injunction will not lie to enjoin the taking, the remedy being an action at law for damages.' * * * His injury is a depreciation of the property, which is capable of being estimated in money and recoverable in an action at law, therefore a court of equity will not interfere by injunction." This case has never been overruled or modified, but is sustained by a long line of Illinois cases, and is a fair statement of the law as it has existed in this State since the adoption of the constitution of 1870. Under the constitution of 1848 a remedy for an injury like this did not exist, but one is given by the constitution now in force. *Rigney* v. *City of Chicago*, 102 Ill. 64.

In case it is necessary to take private property for public use the compensation must be fixed and paid before possession can be taken and the improvement made, but in a case like this, where no property is taken, the improvement may be made before the damages are ascertained and paid, the property owner in such case being driven to his action at law for damages. Such action, however, is in the nature of a condemnation suit, and when resorted to, the measure of damages and rules of evidence which are to be adopted are the same as though a direct proceeding by condemnation had been brought

to determine the amount of damages to be paid prior to
the making of the improvement. (*Chicago and Eastern
Illinois Railroad Co.* v. *Loeb,* 118 Ill. 203; *Illinois Central
Railroad Co.* v. *Turner,* 194 id. 575.) The fact that the im-
provement has been made before the damages are deter-
mined and paid will not prejudice the property owner to
recover the amount justly due him by reason of damage
done his property. While a city may lawfully grant to
an elevated railroad company, by ordinance, the right
to construct its railroad in its streets, it is powerless to
grant to such company the right to damage the prop-
erty of the abutting owner, (*Illinois Central Railroad Co.*
v. *Turner, supra,*) and when the property of an abutting
owner is damaged, his right, under the constitution, to
compensation is not confined to a recovery for the tor-
tious acts of the railroad company, but he may recover
for an injury to his property which is the result of an
act which is perfectly legal. *Calumet and Chicago Canal
and Dock Co.* v. *Morawetz,* 195 Ill. 398.

While it seems to be conceded by the appellee that
the rules of law hereinbefore announced apply to rail-
road companies in general whose tracks are laid in the
streets of a municipality, it is contended they do not
apply to appellee's road, as, it is said, it is a street rail-
road, and the construction thereof in the streets of the
city of Chicago is not an additional servitude upon said
streets. It has been held in a number of cases, notably
in the *Doane case,* that the construction of an elevated
railroad in a street where the fee to the street is in the
city is not an additional servitude upon the street,—that
is, that its construction therein with the consent of the
municipality is not unlawful, as being a diversion of the
street from the public use for which it was originally
dedicated or acquired. While the doctrine of that and
kindred cases is not questioned as between the abutting
owner and a railroad company occupying the street with
its railroad, on principle we see no difference as regards

his right to recover damages for an injury to his property abutting on the street by reason of the construction and operation of a railroad in the street, whether it is a street or commercial railroad. The effect upon his property is the same, and, under the constitution, if the same is depreciated in value by reason of the construction and operation thereof it has been damaged, and he can recover. In *Illinois Central Railroad Co.* v. *Turner, supra,* and in *Calumet and Chicago Canal and Dock Co.* v. *Morawetz, supra,* interferences with the property of an abutting owner by reason of the construction and operation of a railroad in the public streets of a city, although by the consent of the city, similar to those averred in this declaration, were held to give a cause of action to the abutting property owner.

The circuit court erred in sustaining the demurrer to the declaration. Its judgment will therefore be reversed and the cause remanded to that court, with directions to overrule the demurrer.         *Reversed and remanded.*

Subsequently, on petition for rehearing, the following additional opinion was filed:

Per CURIAM: The appellee has filed a petition for a rehearing on the ground that its road is not an additional servitude upon the streets upon which appellants' property abuts, and it is said if damages are allowed the appellants for loss of air, light, view, access and the comfortable and safe enjoyment of their property, caused by the proper and reasonable operation of appellee's road, they will be paid for what they have waived, or be twice compensated. As held in the original opinion, this contention is not sound. At the time said streets were dedicated or condemned, appellants or their grantors did not part with, but retained, as appurtenant to said property, the right of access to said streets, the right to enjoy the air and light which pass over said streets, the view and the comfortable and safe enjoyment of their property;

(*Field* v. *Barling,* 149 Ill. 556; *Doane* v. *Chicago City Railway Co.* 160 id. 22; *Kotz* v. *Illinois Central Railroad Co.* 188 id. 578;) and if the appellee has constructed and is engaged in operating an elevated railroad in said streets in front of appellants' property, the effect of which is to destroy these rights and thereby depreciate the value of appellants' property, it would seem too clear for argument that the property of appellants has been damaged, and if damaged, that the appellants have not waived or been paid such damages.

In *Aldrich* v. *Metropolitan West Side Elevated Railroad Co.* 195 Ill. 456, the road was constructed upon the company's own right of way, and the court expressly declined to consider the question of the rights of an abutter where the road was constructed in the street in front of his property. That case is therefore not an authority, as is contended by appellee, conclusive of the question that the appellants cannot recover in this case.

The declaration averred and the demurrer admits the road of appellee to be an improvement of a permanent character. In *Chicago and Eastern Illinois Railroad Co.* v. *Loeb,* 118 Ill. 203, which was an action on the case to recover damages for depreciation in the value of property from the operation of a railroad in a public street upon which the property abutted, it was stated such "action for damages may be regarded as in the nature of one kind of condemnation proceeding," and that all the damages, past and future, caused by the operation of the road, might be assessed in one suit.

After a re-examination of the original briefs in connection with the petition for rehearing filed in this case, we have reached the same conclusion we reached when the case was first considered. The petition for rehearing will therefore be denied.                    *Rehearing denied.*