## No. 9666.

### BOARD OF COUNTY COMMISSIONERS OF LOGAN COUNTY v. ADLER.

Decided December 6, 1920.

Action against a county for damages resulting from the construction of a bridge. Judgment for plaintiff.

*Affirmed.*

1. COUNTY—*Liability for Tort of Agent.* A county is not liable for the torts of its agents in the absence of an express statute making it liable.

2. DAMAGES—*Liability of County—Action.* One whose property is damaged by the construction of a public improvement by a county may bring an action for damages therefor, and this is true where the improvement is constructed without condemnation proceedings.

In this respect he is not limited to the cases in which he had a right of action at common law; but may sue for damages suffered, though there is no question of negligence involved.

*Error to the District Court of Logan County, Hon. L. C. Stephenson, Judge.*

Messrs. MUNSON & MUNSON, for plaintiff in error.

Messrs. COEN & SAUTER, for defendant in error.

*En banc.*

MR. JUSTICE TELLER delivered the opinion of the court.

PLAINTIFF in error in constructing a bridge across the Platte River filled up certain of its channels, thereby causing the water in time of flood to back up and overflow lands of the defendant in error. He brought suit to recover damages for the injury caused by such overflow.

A demurrer to the complaint having been overruled, and answer filed, the cause went to trial, and plaintiff had judgment.

Plaintiff in error now contends that the court erred in not sustaining the demurrer to the complaint, and in entering judgment on a verdict for plaintiff, because: First, the county is not liable for a tort; and second, plaintiff cannot recover under Section 15 of Article II of our Constitution, because this court has held that it applies only to proceedings under the eminent domain act.

Counsel for the defendant in error concede that a county is not liable for the torts of its agents, in the absence of an express statute making it liable; *County Commissioners v. Bish,* 18 Colo. 474, 33 Pac. 184. They have abandoned the charge of negligence, as not necessary to the cause of action; and maintain that an action lies, under said constitutional provision, for the damages suffered, regardless of the question of negligence in the construction of the improvement. They contend further that this provision constitutes express authority for an action against a county under the facts of this case.

It being a prerogative of the state to be exempt from coercion by suit, a provision of the fundamental law for compensation in case of damage, which is applicable to injuries caused by instrumentalities of the state, or by its agents, and to no other injuries, must be held to except such cases from the exemption. If this be not so, the plain intent of the inhibition is limited, and made, to a considerable extent, ineffective.

On principle this objection would apply to actions to recover for injury by the construction of railroads, or changes of street grades, because, in either case, the authority to

take private property for the improvement is derived either directly or indirectly from the state. Whether exercised by a city, a county or a railroad company, the right of eminent domain is exercised under power delegated by the state.

The purpose of such provisions is, as the courts have many times declared, to prevent a property owner from being made to suffer an uncompensated injury, not common to the public, as a result of the construction of a public improvement. Such improvements are frequently made or authorized by counties; and to say that because of that fact damages so suffered cannot be recovered is to deny to the language of the constitution its obvious import.

This construction, however, in no way changes the rule that a county, as a subdivision of the state, is not ordinarily liable for the torts of its agents. That rule is always subject to the qualification that a county may be made liable by law. Section 15 of Article II of our Constitution is a consent by the state to the bringing of suits against a county under such circumstances as are disclosed in this case.

The second objection is that a right of recovery claimed under the constitutional provisions mentioned, does not exist, because of our decision in *North Sterling District v. Dickman*, 59 Colo. 169, 149 Pac. 97, Ann. Cas. 1916D, 973. The plaintiff there asserted the right under said provision to recover for injuries resulting from seepage; but this court held that the provision "refers, and is limited to proceedings in eminent domain, or to cases where injury results by reason of the taking of property in which the abutting owner has an interest. Its purpose was to require compensation to be paid the owner of land taken in such cases not only for the land actually taken, but for damages to the residue."

It is to be observed that although in the Dickman case the damages alleged were claimed because of seepage upon land no part of which had been taken in condemnation proceedings, the statement in the opinion refers only to damages to the *residue* of lands taken. This would seem to

limit the protection afforded by the constitutional provision to property directly concerned in condemnation proceedings.

If the rule announced in that case is to be applied to the determination of this case, defendant in error had no right of action. There was no condemnation proceeding, and if there had been he would not have been a party to it.

The importance of this question justifies, in the mind of the court, a re-examination of the subject, a determination of the scope of the provision, and of the proper construction to be given to the term "damaged," as there used.

As is well known, constitutional provisions prohibiting .the taking of private property for public use without compensation, have been included in practically all of the state constitutions. Where a part of a property was taken, and the residue suffered a direct physical damage as a result of the taking, such damage was held by many courts to be a "taking," within the meaning of the constitutional provisions like that above mentioned. This court so held in *Denver v. Bayer,* 7 Colo. 120, 2 Pac. 6. But this left a property-owner who sustained merely consequential damages from a public improvement, without remedy. The injustice of this result was generally recognized.

In 1870 the Illinois constitution was amended so as to prohibit both the taking and the damaging of private property for public use without compensation. The propriety of the change made in the Illinois constitution has been recognized by amendments to nearly all the state constitutions; and doubtless the framers of our constitution adopted the language under consideration from the constitution of Illinois.

This section applies to proceedings in eminent domain, and to situations in which such proceedings would be proper; i. e., where condemnation would be necessary were the required property not otherwise acquired.

The use of the word "damaged" in this section in connection with the word "taken" indicates clearly that the damage contemplated was such as would result from the making of an improvement in which the right of eminent

domain might be called into use.

The first sentence directly and specifically inhibits the taking or damaging of private property for public or private use without just compensation. It is in no wise limited by the following provisions which prescribe the *procedure* in the appropriation of private property to a public use. The inhibition applies wherever condemnation proceedings, are or might be necessary, or proper, whether such proceeding is instituted or not. The provision being thus limited, it may be held, as has been done in many jurisdictions, that the right of recovery under such a constitutional provision is not limited to actions maintainable at common law.. This construction obviates the possible objection, suggested by Judge Helm in *Denver C. R. Co. v. Nestor,* 10 Colo. 403, 15 Pac. 714, that if actions for compensation were not limited to those maintainable at common law, a landowner might be liable to an adjoining lot-owner for "incidental injuries occasioned by a prudent exercise of his right of dominion."

The full purpose of the provision cannot be effected if the rule announced in the Dickman case is to prevail. Under that rule, where condemnation proceedings are instituted in the making of a public improvement, a property owner, no part of whose property was taken, and who was not, therefore, a party to the proceedings, would be without remedy, save in a case of negligence, no matter how greatly his property might be damaged by the improvement.

Under that rule if a part of a property is taken the owner may recover the value of what is taken, and such damages to the residue as result from the taking; but one whose property does not abut upon the improvement, although damaged, is without remedy, because he has no right to begin condemnation proceedings. It is so held in *Stetson v. C. & E. R. Co.,* 75 Ill. 74. However, such an owner is not in fact without remedy; he may bring his action for damages. *Rigney v. Chicago,* 102 Ill. 64; *G. R. & I. R. Co. v. Heisel,* 47 Mich. 393, 11 N. W. 212; *Gulf, C. & S. F. R. Co. v. Fuller,* 63 Tex. 467; *Gottschalk v. C., B. & Q.*

*R. Co.,* 14 Neb. 550, 16 N. W. 475, 17 N. W. 120; *Penna. R. R. Co. v. Miller,* 132 U. S. 75, 10 Sup. Ct. 34, 33 L. Ed. 267; *Brown v. Seattle,* 5 Wash. 35, 31 Pac. 313, 32 Pac. 214, 18 L. R. A. 161; *Atlanta v. Green,* 67 Ga. 386; *St. Louis v. St. Louis Ry. Co.,* 272 Mo. 80, 197 S. W. 107; *Denver v. Bayer,* 7 Colo. 113, 2 Pac. 6; *Jackson v. Kiel,* 13 Colo. 378, 22 Pac. 504, 6 L. R. A. 254, 16 Am. St. Rep. 207; *Pueblo v. Strait,* 20 Colo. 13, 36 Pac. 789, 24 L. R. A. 392, 46 Am. St. Rep. 273; 20 C. J. 672-739. And this is true where a public improvement is constructed without condemnation proceedings. *City of Elgin v. Eaton,* 83 Ill. 535. In this respect he is not limited to the cases in which he had a right of action at common law; but may sue for damages suffered, though there be no negligence in the making of the improvement in question. *Denver C. R. Co. v. Nestor,* 10 Colo. 403, 15 Pac. 714; *Reardon v. San Francisco,* 66 Cal. 492, 6 Pac. 317, 56 Am. Rep. 109; *Chicago v. Taylor,* 125 U. S. 161, 8 Sup. Ct. 820, 31 L. Ed. 638; *White v. W. S. R. Co.,* 154 Ill. 620, 39 N. E. 270; *Aldis v. Railroad Co.,* 203 Ill. 567, 68 N. E. 95. The latter case holds that in an action by a property owner for damages, the measure of damages and the rules of evidence are the same as in a direct proceeding by condemnation.

All these cases, including those from this court, are in direct conflict with the holding in the Dickman case, in which, it may be noted, there is no authority cited in support of the ruling under consideration. *Denver v. Bayer, supra,* is cited, as to the purpose of the constitutional provision, the fact being apparently overlooked that the case is directly in conflict with the court's subsequent statement that said provision applies only to proceedings in eminent domain.

If the case is to stand, the frequently exercised right of recovery for damages in the making of public improvements, such as viaducts and bridges, the changing of street grades, etc., where damages are not assessed in eminent domain proceedings, or where the improvement is made

without such proceedings, no longer exists in this jurisdiction.

In the case at bar, though the injuries are consequential, they are to the *corpus* of the plaintiff's property. No question is made but that the injury resulted from the placing of the bridge embankments as they are.

Upon a full view of the case, we are constrained to hold that the limitation in the Dickman case to damages such as might be recovered in eminent domain proceedings was without justification. We, therefore, hold that the rule there announced does not properly construe the constitutional provision in question, and it cannot defeat plaintiff's right of recovery. The demurrer. to the complaint was properly overruled, and there was no error in the entering of judgment on the verdict. The judgment is accordingly affirmed.