(No. 22341.—

CLIFFORD G. ROE *et al.* Defendants in Error, *vs.* THE
COUNTY OF COOK, Plaintiff in Error.

*Opinion filed December 17, 1934.*

THOMAS J. COURTNEY, State's Attorney, (HAYDEN N. BELL, JACOB SHAMBERG, and MANUEL E. COWEN, of counsel,) for plaintiff in error.

DONALD P. VAIL, for defendants in error.

Mr. JUSTICE ORR delivered the opinion of the court:

A judgment for $6500 and costs was recovered in the circuit court of Cook county by Clifford G. Roe and Elsie M. Roe against the county of Cook by way of damages for an alleged taking and damaging of real property. The case comes here by writ of error for review, as a constitutional question is involved.

It appears that the judgment was entered by default, as, for reasons unknown, plaintiff in error filed no appearance or pleadings although service of summons was had on the president of the county board. A declaration in case in two counts was filed, which set up that plaintiffs below were owners in fee simple of unimproved real estate situated in the village of Homewood, Cook county, Illinois, located on the southeast corner of Dixie highway and Hickory road; that prior to August 1, 1931, plaintiffs had free and convenient access to Hickory road and Dixie highway; that pursuant to a resolution passed by the Cook county commissioners a pedestrian subway was constructed under Dixie highway and was completed in August, 1931; that the eastern entrance to the subway is upon the south thirteen feet of plaintiffs' property, with stairs on the eastern end running from the ground to the level of the subway; that the stairway and entrance are surrounded by concrete coping twenty-five feet in length and one foot high, with an iron-rail fence and posts on the top, reaching to a height of forty-four inches and extending also to the sidewalk adjacent to the premises of

plaintiffs; that the construction of this subway cut off the access to and from plaintiffs' premises and greatly depreciated the fair cash market value of the premises for their highest and best use; that the stairway encroaches upon the public sidewalk located on plaintiffs' premises, and that defendant, without condemnation proceedings, re-located the sidewalk upon the premises parallel to the stairway and on the inside thereof from the street. It alleged that plaintiffs were damaged by the acts of the county to the extent of $10,000 and that private property was taken and damaged for public use without compensation, in violation of the constitution of this State.

The first question presented for review is whether, since plaintiff in error submitted to a judgment by default, it is now able to escape the legal consequences of its own neglect by a review of the judgment. It is true that one who voluntarily submits to a default impliedly admits that the action against him is just and that he has no defense. (*Buck* v. *Citizens' Coal Co.* 254 Ill. 198.) However, a default judgment will be reversed where the declaration states no cause of action. When defaulted one may be heard in a court of review to insist that, admitting all that is well alleged, the judgment against him is unwarranted. It is well settled that a judgment rendered by default may be reviewed as to alleged errors appearing on the face of the record and that a writ of error is an appropriate procedure to review such a judgment. *Markley* v. *City of Chicago,* 170 Ill. 358; *Clark* v. *City of Chicago,* 155 id. 223.

Section 13 of article 2 of the constitution, principally relied upon in support of the judgment, is as follows: "Private property shall not be taken or damaged for public use without just compensation. Such compensation, when not made by the State, shall be ascertained by a jury, as shall be prescribed by law," etc. It is contended by plaintiff in error that the constitution does not point out a

remedy and that no express remedy is afforded by statute. From this it is argued that the parties damaged are left to the common law for relief, and that no liability exists at common law against an involuntary municipal corporation (such as the county of Cook) to respond in damages for a tort, in the absence of a statute creating such a liability. (*Board of Trustees of Odell* v. *Schroeder,* 58 Ill. 353; *County of Cook* v. *City of Chicago,* 311 id. 234.) On the other hand, the defendants in error argue that the constitutional provisions above quoted are self-executing, and that a county may not take or damage the property of an individual for public use without eminent domain proceedings and without compensation and then escape liability for its act by saying that it cannot be sued. We are impressed with the justice and soundness of the latter view. The constitutional right of all property owners to compensation when their property has been damaged or taken for public use is one of the most salient provisions of our bill of rights. In referring to it we said in *People* v. *McRoberts,* 62 Ill. 38: "The right of property thus intended to be secured cannot depend upon the mere will of the legislature. * * * This right to take private property for public use is a high prerogative of sovereignty controlled by the constitution and can be exercised only subject to the bill of rights and the limitations therein contained." These provisions (art. 2, sec. 13,) were in force from and after the adoption of the constitution, without the aid of specific legislation to enforce them. *Mitchell* v. *Illinois and St. Louis Railroad Co.* 68 Ill. 286; *Wabash Railroad Co.* v. *Coon Run Drainage District,* 194 id. 310.

Counsel for plaintiff in error cite *Elser* v. *Village of Gross Point,* 223 Ill. 230, as an authority contrary to this view, but that case is not inconsistent when fully considered in the light of the different issues there raised. In that case the court was considering the constitutional provision with reference to the right of the public to take possession of property in advance of condemnation proceed-

ings. It was there properly held that no such right was conferred by the constitution, but the rights of the public, and not those of the property owner, were there under consideration. In its principal result that case re-inforced the obvious intent of the constitutional provision here invoked, as it held the municipal corporation to a strict observance of the Eminent Domain act to the same extent as other agencies which might undertake to exercise the same right. A similar observance of the act would have obviated the litigation involved in this appeal. When the constitution forbids the taking or damaging of private property without just compensation and points out no remedy, and no statute affords one, for the invasion of the right of property thus secured, the common law, which affords a remedy for every wrong, will furnish the appropriate action for the redress of such grievance. 12 Corpus Juris, 732.

We now turn to a consideration of the form of action in this case to ascertain whether the county of Cook is exempted from liability at common law because it is an involuntary municipal corporation. The liability of a county to respond in an action at law for damages resulting to an abutting property owner no part of whose land was physically taken in an eminent domain proceeding was directly involved in *County of Mercer* v. *Wolff*, 237 Ill. 74, where the cross-petition was stricken and petitioner "remitted to his action at law for his damages." The same doctrine was approved in the more recent case of *Illinois Power and Light Corp.* v. *Talbott*, 321 Ill. 538, where it was said: "The constitution, in prohibiting the taking or damaging of private property for public use without just compensation, recognizes the right of the owner of property damaged by a public work to recover the amount of such damages. This right may be asserted by the owner as a plaintiff in an action at law where none of his property is actually taken, or as a defendant to an eminent domain proceeding for the condemnation of property actually taken.

(*County of Mercer* v. *Wolff,* 237 Ill. 74.) In either case the right to the damages is the same, and its basis is the constitutional prohibition mentioned."

It is entirely beside the point to say that even though our bill of rights assures every person that his property will not be taken for public use without just compensation, yet where a county or other public body violates this section by taking private property without condemnation proceedings one may not recover simply because the legislature has failed to provide any specific remedy. If this were true the constitutional guaranty would be nugatory and private property could be taken with impunity and without redress to the injured property owner. The constitutional provision itself, without remedial legislation, is basic law, which not only confers a right but presupposes a remedy. Standing alone, section 13 is self-executing and forms the basis for recovery at common law by an action on the case. This is the rule announced in the two Illinois cases last cited, and is also the view taken, under the same or similar constitutional provisions, in Pennsylvania, California, Georgia, Alabama, Nebraska and Colorado. (*County of Chester* v. *Brower,* 117 Pa. 647, 12 Atl. 577; *Tyler* v. *Tehama County,* 109 Cal. 618, 42 Pac. 240; *Elliott* v. *County of Los Angeles,* 183 id. 372, 191 Pac. 899; *Smith* v. *Floyd County,* 85 Ga. 420, 11 S. E. 850; *Dallas County* v. *Dillard,* 156 Ala. 354, 47 So. 135; *Douglas County* v. *Taylor,* 50 Neb. 535, 70 N. W. 27; *Gledhill* v. *State,* 123 id. 726, 243 N. W. 909; *Board of County Comr's of Logan County* v. *Adler,* 69 Colo. 290, 194 Pac. 621.) Furthermore, in construing the effect of other sections of our bill of rights (section 4 in *Ogran* v. *Rockford Star Printing Co.* 288 Ill. 405, and section 6 in *People* v. *Clark,* 280 id. 160,) we have held them to be self-executing, with no legislative act required to put them in force. Counties may sue and be sued in Illinois, (Cahill's Stat. 1933, chap. 34, secs. 22, 31,) and while they may not be held liable for

damages in tort actions, where the doctrine of *respondeat superior* must be invoked, they are nevertheless liable for the value of property appropriated to their own use and for damages done to abutting property by reason of public improvements made in pursuance of their corporate powers.

Plaintiff in error asserts that the land owner should have taken steps by an injunction to prevent the construction of the improvement, and on this point relies largely upon what it calls an analogous case, *Elmore* v. *Drainage Comrs.* 135 Ill. 269. The holding in the *Elmore case* was not followed in the more recent case of *Bradbury* v. *Vandalia Drainage District,* 236 Ill. 36, as appears by a statement that "it is quite evident that it needs some revision or limitation." In the *Elmore case* the alleged damages resulted from the unauthorized acts and negligence of the commissioners in damaging the plaintiff's lands, while here no negligence is charged in the manner of executing the work expressly authorized by the county commissioners. The question of the district's liability to pay for property taken and damaged, in an action on the case based upon the breach of the constitutional provision to pay just compensation, was not considered in the *Elmore case,* while in the *Bradbury case* this subject was treated in the following significant language: "If a drainage district actually takes land, compensation must be made before the land is appropriated, and if the district concedes that damage will result to lands such damages may be assessed under the law of eminent domain; but if the district does not concede, in the first instance, that damage will result, an action on the case is an appropriate remedy to determine the question whether lands will be damaged and to recover the damages. Under the constitution private property cannot be taken or damaged for a public use without just compensation, and this gives a right of action."

The facts in the declaration in this case disclose a common law right of recovery based upon a constitutional guar-

anty. It is now immaterial whether the declaration be considered as one in tort or in assumpsit, as the breach of duty relied upon is the same and it contains all the necessary averments of fact for an action in assumpsit. (*Carter* v. *White*, 32 Ill. 509; *Citizens Gaslight Co.* v. *Granger & Co.* 118 id. 266.) The judgment was rendered by default, and after examining the declaration we are satisfied that it contains enough to sustain the judgment. (*Lawver* v. *Langhans*, 85 Ill. 138; *Miller* v. *Kresge Co.* 306 id. 104.) While the judgment may be somewhat excessive, we are powerless to afford any relief under the record. Its payment will secure the public right to continue to use the premises, as it will be considered as full compensation for all present and future damages and bar any subsequent action for the same cause. *Chicago and Eastern Illinois Railroad Co.* v. *Loeb*, 118 Ill. 203; *Miller* v. *Sanitary District*, 242 id. 321.

The judgment is affirmed.                      *Judgment affirmed.*