[File No. 6377.]

MAX MAYER, Respondent, v. STUDER & MANION COMPANY, a Corporation; Seaboard Surety Company, a Corporation; Stark County, a Municipal Corporation; State of North Dakota; State Highway Commission and Commissioner in and for the State of North Dakota,

and

STARK COUNTY, a Municipal Corporation, Appellant.

(262 N. W. 925.)

Opinion filed October 18, 1935.   Rehearing denied November 5, 1935.

*Theo. B. Kellogg,* for appellant.

*Jacobsen & Murray,* for respondent.

MORRIS, J. Stark county appeals from an order of the district court overruling a demurrer to plaintiff's complaint in a suit brought to recover damages growing out of the construction of a culvert and grade on a public highway adjacent to plaintiff's land. The suit was brought against the contractor that built the highway, its surety company, Stark county, and the state highway commission. The trial court sustained a demurrer to the complaint on the part of the contractor and its surety company, but overruled the demurrer as to the other defendants. Stark

county alone appeals. The complaint states the corporate or official status of the various defendants and alleges that the county and state highway commission constructed the highway in question. It alleges the advertisement for bids and letting of the contract, and further states,

"That at all times herein mentioned the plaintiff was and is the owner of real estate, to-wit, a farm adjacent to and adjoining said highway and project, on the West side thereof, and approximately thirteen (13) miles south of the city of Richardton, and located in Stark County, North Dakota; that the buildings on said farm, including the plaintiff's dwelling house and home are about 150 feet from the West border line of said highway.

"That pursuant to said contract and letting the defendant, Studer & Manion Company, did during the year of 1931, undertake the construction and did construct and regrade said project, including that portion traversing the plaintiff's said land as aforesaid; that at the place where said highway and project passes plaintiff's said adjoining land and buildings, there was and is a valley wherein flows flood waters of the surrounding territory, crossing said highway at the point where said highway passes plaintiff's said buildings, and farm.

"That the said defendant, Manion & Company, in the grading and construction of said project across said valley and creek, carelessly and negligently constructed the culvert and grade off said highway, by then and there constructing a small culvert, far too small to carry off said flood waters, and the natural flow of water in said valley & creek, and carelessly and negligently constructed at said point, a high grade, preventing the water from flowing across the road; that all of said defendants carelessly and negligently directed, acquiesced, consented and permitted the said defendants, Studer & Manion Company, to so negligently and carelessly construct said grade, and culvert at said place aforementioned, and thereafter carelessly and negligently permitted said high grade and defective and deficient culvert to remain in such negligent condition, and that at all times all of the defendants well knew that same would stop the natural flow of flood waters, and cause same to back up and spread on to plaintiff's said land aforementioned and into his buildings; and well knew that same would cause the plaintiff great damages, and with said knowledge, never took any steps or

action to rectify or correct same; that by reason of the negligence afore-mentioned, to-wit, the negligent construction of said highway and culvert, and the maintenance of same by all of the defendants, same caused the natural flow of waters to be stopped at said point where said highway crosses said valley and creek on plaintiff's farm as aforesaid, and did then and there and thereafter, and especially in the fall of 1931, and in the spring of the year 1932, cause the flow of water in said valley and creek to be plugged up and stopped and to back up and spread upon the plaintiff's said land and into his buildings including his dwelling house, thereby ruining the plaintiff's farm and said buildings, and causing the plaintiff damages in sum of $2900.00; that thereafter and before the commencement of this action, the plaintiff presented a claim for said damages to all of said defendants in due form, but an allowance or payment of same was refused by all of the defendants."

The county demurs to the complaint on the grounds that it does not state facts sufficient to constitute a cause of action and that the facts set forth in the complaint are not sufficient to give the court jurisdiction of the county.

Section 14 of the State Constitution provides that "private property shall not be taken or damaged for public use without just compensation having been first made to, or paid into court for the owner."

The county takes the position, that even though under this provision of the Constitution the taking or damaging of private property may be prevented by an injunction, yet if the damage has been done compensation for such damage may not be recovered, because the legislature has not specifically provided for such recovery. Section 8175, Comp. Laws of 1913, provides for suits against the State, but no provision is made for tort actions. "An American state is sovereign and immune from suit at the instance of individuals without its consent." Paulus v. South, 58 N. D. 643, 227 N. W. 52. The county is an agency of the State and its liability to suit is based upon statutory or constitutional consent. Section Fourteen of the Constitution, above quoted, is a part of the basic law of the State. The argument of the county presupposes that when the State has completed a violation of its basic law, it cannot be compelled to compensate for the injury resulting from such violation. The Constitution guarantees to a private party just

compensation for damage to his property resulting from public use. The proper course to pursue is to ascertain and compensate for the damage before proceeding with a public work. This may not always be done and as in this case when the public work is completed without any attempt to ascertain the damage, the obligation to compensate for the damage occasioned by such work is not terminated by its completion. Since the Constitution guarantees the right to compensation this obligation is in effect an implied contract on the part of the State to compensate for the damage which it has caused. The State has consented to be sued in cases "arising upon contract" (Comp. Laws 1913, § 8175) which include implied as well as express contracts. Ford Motor Co. v. State, 59 N. D. 792, 231 N. W. 883.

Where the State or an agency thereof acting in a sovereign capacity takes or damages private property for public use without legal exercise of the power of eminent domain, the aggrieved party may recover compensation for the property thus taken or compensation for the damage to his property thus inflicted. Schilling v. Carl Twp. 60 N. D. 480, 235 N. W. 126; Roe v. Cook County, 358 Ill. 568, 193 N. E. 472; State v. Jones (Wash.) 45 P. (2d) 30; Tyler v. Tehama County, 109 Cal. 618, 42 P. 240; Elliott v. Los Angeles County, 183 Cal. 472, 191 P. 899; Douglas County v. Taylor, 50 Neb. 535, 70 N. W. 27; Gledhill v. State, 123 Neb. 726, 243 N. W. 909; Logan County v. Adler, 69 Colo. 290, 194 P. 621, 20 A.L.R. 512; Chick Springs Water Co. v. State Highway Department, 159 S. C. 481, 157 S. E. 842.

The appellant further contends that the county is not liable for negligence and that the complaint in this action is based upon negligence and not upon an obligation arising from the exercise by the county of its sovereign power to take or damage private property for public use. The respondent argues that the complaint is capable of being construed as asking for the recovery of compensation for property damaged by the county in its sovereign capacity and that if all allegations of negligence be disregarded the complaint still states a cause of action. We do not agree with the respondent. A careful reading of the complaint impels us to hold that the cause of action sought to be stated is based wholly upon the careless and negligent construction of the highway and culvert and not upon an obligation to compensate for private property

taken or damaged for public use. The demurrer must be sustained. Plaintiff is permitted, if he so desires, to amend his complaint on such terms as may be just. See Fuller v. Fried, 57 N. D. 824, 224 N. W. 668.

BURKE, Ch. J., and NUESSLE, BURR and CHRISTIANSON, JJ., concur.