*661 OPINION OF THE COURT
Gloria Goldstein, J.
This action for replevin comes before the court for an inquest. Plaintiff seeks the immediate return of a 1974 Mercury model Marquis, four-door sedan bearing license number FD097 issued by the State of Tennessee and registered to the plaintiff herein.
The City of New York and the Parking Violations Bureau of the City of New York each were served with a summons and complaint on or about January 22, 1979. Neither of the said defendants has appeared or answered in this action.
It appears that on or about January 16, 1979 the plaintiff parked his vehicle on West 59th Street in the Borough of Manhattan. When he returned the vehicle was not at the parked site. On the following day, plaintiff went to the police "pound” located on West 39th Street in the Borough of Manhattan to retrieve his vehicle. He tendered the "fine” but his vehicle was refused him. Subsequently this cause of action for replevin, or in the alternative, its monetary damages was instituted.
The complaint before the court fails to allege that a notice of claim pursuant to section 50-e of the General Municipal Law was served herein.
It is the contention of the plaintiff that an action in replevin sounds in contract and that a notice of claim need not be served prior to the inception of this cause of action against the municipality.
Traditionally and historically, replevin is based upon a tortious act and is an action ex delicto. (Bernheimer v Hartmayer, 50 App Div 316.) This is true whether the action is founded on a trespass, an unlawful taking from plaintiff’s possession, a conversion, or merely a wrongful detention. (Jacobs v Mulford, 197 App Div 835.)
Section 50-e of the General Municipal Law provides that a notice of claim must be served as a condition precedent to the commencement of an action or special proceeding against a public corporation as defined in the General Construction Law "in any case founded upon tort” (emphasis supplied).
Any award against a municipality for replevin or damages for wrongful or tortious withholding of possession of property by the municipality requires therefore as a condition precedent the service of a timely notice of claim.
*662 The question arises however, whether the failure to serve a timely notice of claim renders the court without appropriate jurisdiction to grant the relief sought herein.
When a notice of claim requirement is statutorily imposed, it is deemed an element of the substantive cause of action and as such, its satisfaction must be pleaded in the complaint. The defendant can then raise the defect either as a defense in the answer or by a motion to dismiss the cause of action pursuant to CPLR 3211 (subd [a], par 7).
In the case at bar there is no answer nor has a motion to dismiss the cause of action been made but rather the municipality has defaulted and an inquest sought by plaintiff.
The proof required on an application for a default judgment is governed by CPLR 3215 (subd [e]) which includes therein proof of the claim. It is the court’s belief that proof of the claim includes herein proof of the substantive cause of action and not merely the damages resulting therefrom. Since the service of the notice of claim is an essential element of the substantive cause of action for replevin, the plaintiff has failed in his necessary proof. Cause of action dismissed without prejudice however, to the institution of a subsequent action after due service of a duly executed notice of claim upon the municipality herein.