**METRO NATIONAL BANK, A National Banking Association, Petitioner,**

v.

**DISTRICT COURT In and For the CITY AND COUNTY OF DENVER, State of Colorado and the Honorable John Brooks, Jr., One of the Judges Thereof and Sherry Dolton DuPoncet (Formerly Known as Sherry Waldman), Respondents.**

No. 83SA404.

Supreme Court of Colorado, En Banc.

Jan. 23, 1984.

John Mason, Jr., Linda L. Stamp, Denver, for petitioner.

Philip E. Lowery, P.C., Denver, for respondents.

NEIGHBORS, Justice.

This is an original proceeding filed pursuant to C.A.R. 21 in which the petitioner, Metro National Bank (Metro), contests the district court's jurisdiction to issue a prejudgment order of possession under C.R. C.P. 104. The district court ordered Metro to return to Sherry Dolton DuPoncet (DuPoncet), formerly known as Sherry Waldman, all but 50,000 of the 780,000 shares of stock held as collateral by Metro in Landmark Oil & Gas, Ltd., which were registered in DuPoncet's name. We issued a rule to show cause why the district court should not be prohibited from enforcing its order. We now make the rule absolute.

## I.

In November 1982, Metro filed a complaint against DuPoncet and Michael Waldman, her former husband, on a demand promissory note executed by Waldman on February 1, 1982. The basis for joining DuPoncet was a continuing guarantee signed by Sherry Waldman (now DuPoncet) on March 2, 1979. DuPoncet was served with a copy of the complaint on May 26, 1983. She filed an answer, counterclaim, cross-claim, and third-party complaint on June 24, 1983.

Metro filed a motion for summary judgment on its claim against Michael Waldman and a hearing was set for September 6, 1983. On August 29, 1983, DuPoncet mailed a "Verified Complaint for Replevin" and "Notice of Forthwith Hearing" to Metro's attorneys. The notice stated that on September 6, 1983, prior to the hearing on Metro's motion for summary judgment, DuPoncet would ask the court to hear her complaint for replevin. The replevin complaint was filed in the case brought by Metro to collect on the promissory note. No show cause order was issued by the respondent court. Metro filed a motion to quash the verified complaint on numerous grounds, including those raised in this original proceeding. However, the respondent court either did not rule on this motion or denied it.

No record of the proceedings held on September 6, 1983, is available since the hearing was held in chambers and no court reporter was present. Apparently, no evidence was presented, although the court heard oral arguments. The respondent judge ordered Metro to return all the Landmark Oil & Gas stock, except for 50,000 shares, to DuPoncet.[1] The court denied Metro's request that DuPoncet be required to post a bond.

The court's order was delivered to Metro on September 8, 1983. However, Metro did not release the stock to DuPoncet; instead, it presented a bond to the court in the amount of $140,000 (determined by the bank to be double the value of the stock it was holding). This bond was accepted by the court. Metro also filed an "exception to sureties" in which it objected to the respondent court's failure to comply with C.R.C.P. 104 and to require a bond from DuPoncet. The respondent court again refused to require that DuPoncet post a bond and ruled that its order of September 9, 1983, be stayed for fourteen days. On September 12, 1983, the court entered a further ruling in which it determined that the redelivery bond posted by Metro was only effective for the duration of the fourteen-day stay. Metro then commenced this original proceeding and we issued the rule to show cause.

## II.

Metro argues that the respondent court exceeded its jurisdiction and abused its discretion in several respects. Metro contends that the respondent court did not

---

1. The order is dated September 9th, but appears to have been signed September 8th.

have jurisdiction to enter the replevin order because it was not served with the verified complaint and an order to show cause was not issued prior to the hearing. Metro further claims that the respondent court abused its discretion by refusing to require that DuPoncet post a bond and in ruling that Metro's redelivery bond was only effective for fourteen days.

### III.

Replevin is governed by C.R.C.P. 104, which was adopted by this court in 1972 in order to insure that proceedings in such actions comply with the due process standards announced in *Fuentes v. Shevin,* 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972). In *Fuentes,* the Supreme Court held that in the context of prejudgment possession orders in replevin cases, due process requires that before property can be taken from a person, notice and an opportunity to be heard must be given "at a time when the deprivation can still be prevented." 407 U.S. at 81, 92 S.Ct. at 1994. The Court went on to hold that "[t]he nature and form of such prior hearings, moreover, are legitimately open to many potential variations and are a subject, at this point, for legislation— not adjudication. Since the essential reason for the requirement of a prior hearing is to prevent unfair and mistaken deprivations of property, however, it is axiomatic that the hearing must provide a real test. '[D]ue process is afforded only by the kinds of "notice" and "hearing" that are aimed at establishing the validity, or at least the probable validity, of the underlying claim against the alleged debtor *before* he can be deprived of his property....' "

*Fuentes,* 407 U.S. at 96–97, 92 S.Ct. at 2002 (footnote and citation omitted) (emphasis in original).

The provisions of C.R.C.P. 104 were "intended to ensure that a replevin defendant's constitutionally guaranteed property rights would not be jeopardized by unduly summary claim and delivery proceedings." *Jack Kent Cadillac, Inc. v. District Court,* 198 Colo. 403, 406, 601 P.2d 626, 627–28 (1979). The rule sets forth the procedures which provide adequate protection for all parties to a replevin action. Compliance with the provisions of C.R.C.P. 104 insures that the replevin defendant's constitutional rights are adequately protected.

### A.

We first examine the question of whether DuPoncet's replevin claim was properly before the respondent court. Metro argues that DuPoncet's "Verified Complaint for Replevin" should not have been accepted by the court for filing because no docket fee was paid. Metro also claims that the pleading was not personally served upon it as required by C.R.C.P. 104(c) because service was effected by mailing a copy to its attorneys who had appeared in the promissory note case. We reject Metro's arguments.

In the first claim for relief alleged in her counterclaim for which a docket fee was paid, DuPoncet requests the court to enter judgment that Metro be ordered to "[r]eturn to DuPoncet ... all certificates of Landmark Oil & Gas, Ltd. shares in the name of DuPoncet held by Plaintiff [Metro]." She also requests damages. We construe the facts alleged in the counterclaim and the demand for relief as constituting a claim for replevin. Replevin is a possessory action. *Barslund v. Anderson,* 106 Colo. 238, 103 P.2d 23 (1940); *Wyman v. McCarthy,* 93 Colo. 340, 26 P.2d 245 (1933). A replevin claimant seeks to recover possession of personal property and damages for its unlawful detention. *Mason v. General Machinery and Supply Co.,* 91 Colo. 69, 11 P.2d 802 (1932).

Under C.R.C.P. 104(e), a party seeking a prejudgment order of possession before a hearing is held *must* post a bond. A claimant who seeks a prejudgment order of possession after a hearing *may* be required to post a bond. C.R.C.P. 104(g). Therefore, a replevin claimant may elect to forego a claim for possession prior to final judgment in order to avoid the cost of a bond or the filing of the necessary affidavit or verified complaint as required by C.R.C.P. 104(b).

We construe the "Verified Complaint for Replevin" filed by DuPoncet on

August 29, 1983, to be an inartfully drafted motion for a prejudgment order of possession. The verified complaint incorporates by reference the answer, counterclaim, cross-claim, and third-party complaint, and is sworn to by DuPoncet. As such, the requirements of C.R.C.P. 104(b) for a "verified complaint" or "complaint and affidavit under penalty of perjury" were met. In addition, service of the pleading upon the attorneys for Metro was proper since they previously had entered an appearance in the case. C.R.C.P. 5(b).

### B.

■ Respondents DuPoncet and the district court failed to comply with the provisions of C.R.C.P. 104 in several material respects. C.R.C.P. 104(c) provides:

"*Show Cause Order; Hearing within Ten Days.* The court shall without delay, examine the complaint and affidavit, and if it is satisfied that they meet the requirements of section (b), it *shall issue an order* directed to the defendant *to show cause* why the property should not be taken from the defendant and delivered to the plaintiff. Such order *shall fix the date and time for the hearing* thereof. The hearing date shall be not more than ten days from the date of the issuance of the order and the order must have been served at least five days prior to the hearing date. Such order shall *inform the defendant* that he may file affidavits on his behalf with the court and may appear and present testimony in his behalf at the time of such hearing, or that he may, at or prior to such hearing, file with the court a written undertaking to stay the delivery of the property, in accordance with the provisions of section (j) of this rule, and that, if he fails to appear at the hearing on the order to show cause or to file an undertaking, plaintiff may apply to the court for an order requiring the sheriff to take immediate possession of the property described in the complaint and deliver same to the plaintiff. The summons and complaint, if not previously served, and the order *shall be served* on the defendant and the order shall fix the manner in which service shall be made, which shall be by service in accordance with the provisions of Rule 4, C.R.C.P., or in such manner as the court may determine to be reasonably calculated to afford notice thereof to the defendant under the circumstances appearing from the complaint and affidavit."

(Emphasis added.) In the present case the respondent court neither issued an order to show cause nor fixed a date for the hearing in such an order. Rather, DuPoncet summarily fixed the hearing date on her motion for a prejudgment order of possession. Metro was not informed by a properly issued show cause order of its right to file affidavits, to present testimony, or to stay the delivery of the property which was the subject of the replevin claim. Accordingly, the respondent court lacked jurisdiction to order the return of the oil and gas stock to DuPoncet. In *Jack Kent Cadillac*, we announced the principle which controls this case.

"We hold, therefore, that a court conducting a C.R.C.P. 104(g) hearing lacks jurisdiction unilaterally to affect possessory rights in any property not brought within its purview by a duly issued order to show cause."

198 Colo. at 406, 601 P.2d at 628.

■ Moreover, the order for prejudgment possession issued by the respondent court does not comply with C.R.C.P. 104(h), which provides in part:

"*Contents of Possession Order.* The order of possession shall describe the specific property to be seized, and shall specify the location or locations where there is probable cause to believe the property or some part thereof will be found. It shall direct the sheriff to seize the same as it is found, and to retain it in his custody. There shall be attached to such order a copy of the written undertaking filed by the plaintiff, and such order shall inform the defendant that he has the right to except to the sureties or to the amount of the bond upon the undertaking or to file a written undertaking for the redelivery of such property as provided in section (j)."

The order issued by the respondent court simply states:

"That the plaintiff, Metro National Bank shall return, within forty-eight (48) hours from 9:00 o'clock A.M. on September 6, 1983, all shares of stock said Plaintiff is holding in Landmark Oil and Gas, Ltd. standing in the name of Sherry Waldman DuPoncet with the exception of fifty thousand (50,000) shares."

This order for prejudgment possession does not comply in any respect with the requirements specified in C.R.C.P. 104(h). Specifically, the order does not direct the sheriff to seize the property, nor does it advise Metro of its rights regarding bonds. Since the respondent court did not require DuPoncet to post a bond, no copy of her undertaking was required to be attached to the order.

■ The defects in the order for possession cannot be dismissed as "mere technicalities." The procedure contemplated by C.R.C.P. 104 after any prejudgment order of possession is issued by the court is as follows: The sheriff seizes the property but does not deliver it directly to the replevin claimant. The property is delivered to the claimant only after two conditions are met. First, the time for filing a redelivery bond by the replevin defendant (C.R.C.P. 104(j)) and the time for filing exceptions to such an undertaking (C.R.C.P. 104(k)) must have expired. Second, the sheriff must collect his fees and expenses for taking and keeping the property [C.R.C.P. 104(*l*)].

■ Finally, the respondent court erred in its order of September 12, 1983, when it held that Metro's bond was only effective for the period of the fourteen-day stay. C.R.C.P. 104(j) provides:

"*When Returned to Defendant; Bond.* At any time prior to the hearing on the order to show cause, or before the delivery of the property to the plaintiff, the defendant *may require* the return thereof upon filing with the court a written undertaking, in an amount set by the court in its discretion not to exceed double the value of the property and executed by the defendant and such surety as the court may direct for the delivery of the property to the plaintiff, if such delivery be ordered, and for the payment to the plaintiff of such sum as may for any cause be recovered against the defendant. At the time of filing such undertaking, the defendant shall serve upon the plaintiff or his attorney, in the manner provided by Rule 5, C.R.C.P., a notice of filing of such undertaking, to which a copy of such undertaking shall be attached, and shall cause proof of service thereof to be filed with the court. If such undertaking be filed prior to hearing on the order to show cause, proceedings thereunder shall terminate, unless exception is taken to the amount of the bond or the sufficiency of the surety. If, at the time of filing of such undertaking, the property shall be in the custody of the sheriff, such property shall be redelivered to the defendant five days after service of notice of filing such undertaking upon the plaintiff or his attorney."

(Emphasis added.) In the present case, Metro filed a redelivery bond in the amount of $140,000 which it determined to be double the value of the stock which it holds. The respondent court accepted the bond, but later ruled that this bond was effective only for the two-week stay period. This action is in clear contravention of C.R.C.P. 104(j), which provides that possession of the property shall be restored to the replevin defendant when a bond double the value of the property is filed with the court and no objection to the surety is filed.[2]

### C.

■ The only justification advanced by the respondents for their failure to comply with the requirements of C.R.C.P. 104 is summarized by the following quotation from their response to our rule to show cause: "In the instant case, the Replevin Defendant is not an individual whose constitutional rights need to be protected, but rather the Replevin Defendant is Metro

---

**2.** As noted earlier, Metro also contends that the respondent court abused its discretion by failing to require DuPoncet to post a bond. C.R.C.P. 104(g) provides in part: *"If the court determines*

National Bank, a National banking association." Such reasoning is specious. In *Covington and Lexington Turnpike Road Company v. Sanford*, 164 U.S. 578, 592, 17 S.Ct. 198, 203, 41 L.Ed. 560, 565 (1896), the Court stated:

"It is now settled that corporations are persons within the meaning of the constitutional provisions forbidding the deprivation of property without due process of law, as well as a denial of the equal protection of the laws."

We conclude that the respondent court acted without jurisdiction and abused its discretion in failing to comply with the provisions of C.R.C.P. 104 and, therefore, make the rule absolute.

that the action is one in which a pre-judgment order of possession should issue, it shall direct the issuance of such order and may require a bond in such amount and with such surety as the court may determine to protect the rights of the parties." Under this provision the setting of a bond is discretionary with the trial court. Because no record was made of the hearing, we are unable to determine if the respondent court abused its discretion by failing to require a bond on behalf of DuPoncet. Therefore, we do not address this issue.