In re AIR CRASH DISASTER AT STA-PLETON INTERNATIONAL AIR-PORT, DENVER, COLORADO, ON NOVEMBER 15, 1987.

MDL No. 751.

United States District Court,
D. Colorado.

Jan. 5, 1989.

ORDER ON PLAINTIFFS'
MOTION TO STRIKE

SHERMAN G. FINESILVER, Chief Judge.

This matter comes before the court on plaintiffs' motion to strike defendants' designation of the City and County of Denver, Colorado (the "City") as a non-party to be considered by the jury for purposes of comparative fault pursuant to Colo.Rev.Stat. § 13–21–111.5.

This multidistrict litigation involves claims arising out of the crash of Continental Airlines Flight 1713 on November 15, 1987 at Stapleton International Airport in Denver, Colorado. The court's jurisdiction over these consolidated civil actions is based on diversity of citizenship. 28 U.S.C. §§ 1332, 1407; *see In re Air Crash Disaster at Stapleton Int'l Airport,* 683 F.Supp. 266 (J.P.M.L.1988). In their designation of non-parties, filed May 18, 1988, defendants Continental Airlines, Inc. and Texas Air Corp. ("Continental") claim that acts or omissions of the City and the Federal Aviation Administration were the sole or partial cause of the crash of Flight 1713 and that these acts must be considered, pursuant to Colorado law, for the purpose of attributing fault among join tortfeasors.[1]

Plaintiffs contend that by permitting Continental to designate an entity statutorily immune from tort liability, the Colorado comparative fault statute deprives them of their right to compensation for an actionable injury without due process or equal protection of the laws guaranteed by the Fourteenth Amendment of the United States Constitution and Article II, Section 25 of the Colorado Constitution. Plaintiffs contend that this allegedly unconstitutional construction of the statute would be avoided if this court exercised the discretion afforded by the statute to strike Continen-

---

1. Colorado law applies to liability issues in this litigation. *See In re Air Crash Disaster at Stapleton Int'l Airport,* Order MDL 751–17, 720 F.Supp. 1455, 1459 n. 3 (D.Colo.1988). The practical effect of the statute is that special verdict form will list both parties and non-parties appropriately designated by defendants. The jury will be instructed to apportion the fault attributable to each individual or entity listed as a relative percentage, not to exceed a total of 100%. Defendants, it found liable, will then beat only that percentage of the damage caused by the accident which corresponds to their percentage of fault. Colorado has statutorily abolished the legal doctrine of joint and several liability. Plaintiff, not jointly liable defendants, bears the burden of pursuing judgment against non-party tortfeasor.

tal's designation of an immune non-party. The motion is DENIED.

## I.

First, we note that the parties have again placed a last minute constitutional challenge before the court without complying with the procedural prerequisites to such a challenge. Federal law requires the court to notify the Attorney General of the State of Colorado that its comparative fault statute has been challenged as unconstitutional and to allow Colorado to intervene in this action for the limited purpose of defending the statute. 28 U.S.C. § 2403. Rule 406(B) of the Local Rules of Practice of this District further requires that a party challenging the constitutionality of state law must file proof that the attorney general of the state has been served with a copy of the pleading. Plaintiffs have made no such certification. The filing of this motion within days of trial has frustrated the ability of the State of Colorado to meaningfully defend the constitutionality of its statute. Nonetheless, we have considered plaintiffs' motion and find the participation of the Colorado Attorney General unnecessary.

## II.

■ Under state and federal law, both equal protection challenges and the due process challenges to a state's abolition of a previously created cause of action in tort are subject to a rational relationship analysis. *Edelstein v. Wilentz*, 812 F.2d 128, 133 (3d Cir.1987); *see also Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 432–33, 102 S.Ct. 1148, 1155–53, 71 L.Ed.2d 265 (1982); *Martinez v. California*, 444 U.S. 277, 282 & n. 5, 100 S.Ct. 553, 557 & n. 5, 62 L.Ed.2d 481 (1980); *DeKoevend v. Bd. of Education*, 688 P.2d 219 (Colo.1984); *Lee v. Colorado Dep't. of Health*, 718 P.2d 221 (Colo.1986).

■ Plaintiffs' motion is basically a constitutional challenge to the denial of an injured plaintiff's right to compensation through the governmental immunity provisions of state tort law. *See* Colo.Rev.Stat. § 24–10–101, *et seq.* (governmental immunity). Plaintiffs contend that the comparative fault statute creates a class of plaintiffs who are denied full recovery simply because one tortfeasor is immune from liability. Plaintiffs conclude that neither the classification nor the statute are rationally related to the compensation goals of tort law.

The result plaintiffs contend offends the constitution is no different from the constitutional result produced by the doctrine of sovereign immunity—it deprives a plaintiff of compensation for that portion of his injuries attributable to a government entity. Courts have long held that the doctrine of sovereign immunity is reasonably related to the legitimate state goal of protecting against an unanticipated depletion of public funds and the resultant reduction in public services. *Lee v. Colorado Dep't. of Health*, 718 P.2d 221, 227–28 (Colo.1986); *see also Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 432–33, 102 S.Ct. 1148, 1155–56, 71 L.Ed.2d 265 (1982); *Martinez v. California*, 444 U.S. 277, 282 & n. 5, 100 S.Ct. 553, 557 & n. 5, 62 L.Ed.2d 481 (1980); *Heller v. United States*, 776 F.2d 92, 98 (3d Cir.1985); *Aubertin v. Board of County Commissioners*, 588 F.2d 781, 785 (10th Cir.1978); *DeKoevend v. Bd. of Education*, 688 P.2d 219 (Colo.1984).

Furthermore, Colorado's comparative fault statute is reasonably related to the purposes set out in its legislative history. *See* Plaintiffs' Motion, Exhibit A. The Colorado Legislature adopted a form of comparative fault which provides for compensation to injured plaintiffs while requiring a liable tortfeasor to pay no more than the relative share of the damage he caused. Under the doctrine of joint and several liability applied in some comparative fault jurisdictions, a defendant bears the expense of seeking contribution from non-party joint tortfeasors upon satisfaction of a judgment against him. If one of these joint tortfeasors is immune, the defendant bears the loss of being unable to recover.

The history of the Colorado statute reflects an intent to do away with this and other effects the legislature found inequitable. The statutory effect of shifting the loss caused by an immune tortfeasor to the plaintiff is rationally related to the legitimate government interest in requiring defendants to pay no more than their judicially determined share of the loss.

The denial of compensation is the constitutional result of the doctrine of sovereign immunity. The fact that comparative fault principles may require one party to bear the loss caused by an immune joint tortfeasor do not render those principles unconstitutional. *Cf. Bower v. O'Hara,* 759 F.2d 1117, 1125 (3d Cir.1985) (joint and several liability imposes greater than attributed loss on defendant, but remains rationally related to goals of tort law). Colorado's decision to strike the balance between compensation and equitable distribution of fault in favor of the defendants is a substantive definition of tort law with which the federal courts are reluctant to interfere. *Logan v. Zimmerman Brush Co.,* 455 U.S. 422, 432–33, 102 S.Ct. 1148, 1155–56, 71 L.Ed.2d 265 (1982); *Martinez v. California,* 444 U.S. 277, 282 & n. 5, 100 S.Ct. 553, 557 & n. 5, 62 L.Ed.2d 481 (1980). The structure provided in Colo.Rev.Stat. 13–21–111.5 is rationally related to that definition. Accordingly,

IT IS HEREBY ORDERED that the Motion of the Plaintiffs' Steering Committee to Strike Defendant's Designation of the City and County of Denver as a Non–Party is DENIED.