**DESERT TRUCK SALES, INC., d/b/a Prince Motors, a California corporation, Plaintiff–Appellant,**

v.

**CITY AND COUNTY OF DENVER, Defendant–Appellee.**

**No. 90CA130.**

Colorado Court of Appeals, Div. II.

June 6, 1991.

Rehearing Denied July 18, 1991.

Certiorari Granted Jan. 13, 1992.

Bartholomew and Cristiano, Francis V. Cristiano, Denver, for plaintiff-appellant.

Stephen H. Kaplan, Denver City Atty., Diane Marie Dash, Asst. City Atty., Denver, for defendant-appellee.

Opinion by Chief Judge STERNBERG.

The issue in this appeal is whether the Governmental Immunity Act, § 24–10–101,

et seq., C.R.S. (1988 Repl.Vol. 10A), served to immunize a municipality from a suit seeking to replevy property allegedly taken without compensation. We hold that it does not and, therefore, reverse the trial court which ruled to the contrary.

Plaintiff, Desert Truck Sales, Inc., a California corporation, filed a verified complaint in replevin against the City and County of Denver. The complaint alleged that plaintiff was the rightful owner of a 1976 Rolls Royce automobile, that plaintiff had shipped the vehicle to Colorado for examination by a prospective purchaser, and that while the vehicle was being test driven in Denver a police officer impounded it because it was being operated without license plates. Since that time, the complaint alleged, Denver has refused to acknowledge plaintiff's ownership or to return the vehicle to plaintiff.

Denver answered the complaint, alleging that the vehicle identification numbers had been tampered with and that plaintiff had not substantiated proof of ownership to the satisfaction of the Manager of Safety. The answer also asserted, as an affirmative defense, that Denver was immune from liability pursuant to § 24–10–106, C.R.S. (1988 Repl.Vol. 10A) of the Governmental Immunity Act because plaintiff failed to provide notice of its claim until July 26, 1988, more than 180 days after the impoundment.

Consonant with that affirmative defense, Denver moved to dismiss the complaint, on the basis that plaintiff had failed to provide proper and timely notice of its claim as required by the Governmental Immunity Act.

The trial court determined that, because the replevin action sounded in tort, the Governmental Immunity Act was applicable. The court further found that plaintiff had not given proper notice as required by § 24–10–109, C.R.S. (1988 Repl.Vol. 10A). Accordingly, because it determined that jurisdiction was lacking in the absence of proper notice, the trial court granted Denver's motion to dismiss the complaint.

Plaintiff contends that the Governmental Immunity Act does not apply to a replevin action by a private property owner seeking the return of property wrongfully confiscated and detained by a governmental entity. Plaintiff argues that replevin actions "were not intended to be the type of tort actions" against which governmental entities are immune. We agree.

The Governmental Immunity Act provides that a public entity shall be immune from liability in all claims for injury which lie in tort or could lie in tort unless immunity is waived under § 24–10–106, C.R.S. (1988 Repl.Vol. 10A). Further, according to the language of the Act, it applies to all tort claims regardless of the type of action or the form of relief chosen by the claimant. Section 24–10–105, C.R.S. (1988 Repl. Vol. 10A); *Morrison v. City of Aurora*, 745 P.2d 1042 (Colo.App.1987).

Plaintiff's complaint alleged that its personal property had been wrongfully confiscated and detained. Therefore, it was an action based on conversion, *see Glenn Arms Associates v. Century Mortgage & Investment Corp.*, 680 P.2d 1315 (Colo. App.1984), which is an action in tort. *See Ferguson v. Turner*, 69 Colo. 504, 194 P. 1103 (1921); *see also Montgomery Ward & Co. v. Andrews*, 736 P.2d 40 (Colo.App. 1987).

■ Thus, plaintiff's claim would appear to be within the scope of the Act. However, certain causes of action even though they lie, or could lie, in tort are excluded from the coverage of the Governmental Immunity Act. *See Jorgenson v. City of Aurora*, 767 P.2d 756 (Colo.App.1988); *Jones v. Northeast Durango Water District*, 622 P.2d 92 (Colo.App.1980); *Srb v. Board of County Commissioners*, 43 Colo. App. 14, 601 P.2d 1082 (1979).

In *Srb v. Board of County Commissioners, supra*, we held that a claim for property damage under Colo.Const. art. II, § 15, which prohibits the government from taking private property for public or private use without just compensation, is not within the coverage of the Act. We noted that this constitutional clause creates an exception to the doctrine of governmental immunity, *see Board of County Commissioners v. Adler*, 69 Colo. 290, 194 P. 621 (1920),

and, since the purpose of the constitutional provision is to provide a remedy for injury to private property inflicted by the government, it is remedial in nature and must be liberally construed. Accordingly, we concluded that, since the claim at issue there arose under the constitutional just compensation clause, it was not subject to the provisions of the Governmental Immunity Act.

Thereafter, in *Jorgenson v. City of Aurora, supra,* we held that a claim for inverse condemnation under the just compensation clause is not within the coverage of the Act. There, we stated:

"Given the constitutional genesis of a claim for inverse condemnation, and considering the nature of the right upon which the action is founded, we hold that the claim is not subject to the limitations of the Governmental Immunity Act."

■ Here, plaintiff alleges that its private property was taken by a Denver police officer and is being detained by the City of Denver and that it has received no compensation for its use. Further, it asserts that it was not provided with notice or a hearing prior to the confiscation.

In light of these allegations, plaintiff's claim arises under the Colorado Constitution, both from the just compensation clause and from the due process clause, Colo.Const. art. II, § 25. Therefore, based on the rationale of *Jorgenson v. City of Aurora, supra,* and *Srb v. Board of County Commissioners, supra,* we hold that plaintiff's claim is excluded from the coverage of the Colorado Governmental Immunity Act. Thus, the trial court erred in dismissing plaintiff's complaint.

The judgment is reversed, and the cause is remanded for further proceedings.

SMITH and VAN CISE *, JJ., concur.