**CITY AND COUNTY OF DENVER, Petitioner,**

v.

**DESERT TRUCK SALES, INC., d/b/a Prince Motors, a California corporation, Respondent.**

No. 91SC479.

Supreme Court of Colorado, En Banc.

Sept. 21, 1992.

Bartholomew & Cristiano, Francis V. Cristiano, Denver, for respondent.

Justice ERICKSON delivered the Opinion of the Court.

We granted certiorari to review *Desert Truck Sales, Inc. v. City and County of Denver*, 821 P.2d 860 (Colo.App.1991). The court of appeals reversed the district court's dismissal of the replevin action filed by Desert Truck Sales, Inc. (Desert Truck). We reverse and remand to the court of appeals with directions to affirm the district court's order dismissing Desert Truck's replevin action.

## I

### *Desert Truck's Claim*

Desert Truck filed a verified complaint for replevin against the City and County of Denver (Denver) to recover possession of a 1976 Rolls Royce automobile that was seized and impounded by a Denver police officer for investigation of auto theft. § 42–5–107, 17 C.R.S. (1984 & 1991 Supp.). The complaint also sought damages for the detention of the vehicle and the loss of its use while impounded by Denver. When the vehicle was seized it was being driven in Denver without the permission of Desert Truck and without license plates or registration papers, and with the vehicle identification number (VIN) removed by obliteration or defacement. *See* §§ 42–3–111(5), – 113, 17 C.R.S. (1984 & 1991 Supp.); § 42–5–102(2), 17 C.R.S. (1984 & 1991 Supp.).

Denver's answer to the complaint alleged that while the Rolls Royce was detained, Desert Truck failed to substantiate proof of ownership to the satisfaction of the manager of safety as required by city ordinance.[1] As affirmative defenses Denver asserted immunity from tort liability under the Governmental Immunity Act (hereinafter Act or Governmental Immunity Act) and failure of Desert Truck to comply with the notice provisions of that Act. §§ 24–10–106, –109, 10A C.R.S. (1988). Denver also alleged that Desert Truck's complaint

Daniel E. Muse, City Atty., Stan M. Sharoff, Asst. City Atty., Denver, for petitioner.

1. Denver, Colo., Rev.Mun.Code § 54–816 (1982).

failed to state a claim upon which relief could be granted. In addition, Denver filed a motion to dismiss the complaint for lack of jurisdiction on the grounds that the replevin action was a tort claim barred by the Governmental Immunity Act, and that Desert Truck had failed to provide the notice of claim required by the Governmental Immunity Act. At the hearing on Denver's motion to dismiss, Desert Truck admitted failure to provide the required notice. The district court granted the motion to dismiss and held that notice is a condition precedent under the Act, and that it did not have jurisdiction over a "replevin tort claim". *See Antonopoulos v. Town of Telluride,* 187 Colo. 392, 397, 532 P.2d 346, 349 (1975).

On appeal Desert Truck claims that replevin, under the facts of this case, is not a tort action covered by the Governmental Immunity Act. Desert Truck also asserts that if replevin is barred as a remedy under the Governmental Immunity Act, the Act is unconstitutional because it permits the taking of private property without just compensation and without due process of law. The court of appeals agreed with Desert Truck and held that the replevin claim was excluded from the coverage of the Act because it arose under the just compensation and due process clauses of the Colorado Constitution. Colo.Const. art. II, §§ 15, 25.

We granted certiorari to determine whether Desert Truck's replevin claim is barred by the Governmental Immunity Act because it sounds in tort or could lie in tort. We also elected to consider whether granting Denver immunity against a replevin action to recover a vehicle seized pursuant to section 42–5–107, 17 C.R.S. (1984 & 1991 Supp.), results in the taking of private property without just compensation or constitutes a violation of due process under the Colorado Constitution.

## II

### *The Factual Background*[2]

Desert Truck claims that Rolls Royce Motor Cars, Inc., the original dealer in California, removed the VIN number from the vehicle after the vehicle was severely damaged in transit from the manufacturer and declared to be a total loss by the insurance carrier. The vehicle was sold to Desert Truck for salvage of parts. Desert Truck repaired the vehicle and used the Rolls Royce with dealer plates as a demonstrator before attempting to effect a sale of the vehicle. The vehicle, however, was never titled or registered and license plates were never issued for the Rolls Royce.

In November 1987, Desert Truck shipped the vehicle to Louis Matteo and Alan Wilson in Colorado, so that it could be shown to a prospective purchaser. Without Desert Truck's permission, Matteo and Wilson drove the vehicle in Denver without license plates and proof of ownership, and were stopped by a Denver police officer. The police officer, suspecting auto theft, seized and impounded the vehicle after Matteo and Wilson were unable to produce registration papers. The Denver Police Department later determined that the VIN number had been removed or defaced and refused to release the Rolls Royce. The Rolls Royce has been in the possession of the Denver Police Department since it was initially seized and stored.

The issues raised by this case implicate the Colorado Constitution, two Colorado statutes, and Rule 104 of the Colorado rules of civil procedure. Resolution of the issues requires us to reconcile the legislative intent in passing the Governmental Immunity Act, §§ 24–10–101, –119, 10A C.R.S. (1988), and the Automobile Theft Law, §§ 42–5–101, –111, 17 C.R.S. (1984 & 1991 Supp.), with the Colorado Constitution. Colo.Const. art. II, §§ 15, 25. We first address the scope of the Governmental Immunity Act.

## III

### *Governmental Immunity Act*

▮ With limited exceptions, the Governmental Immunity Act (Act) bars any

---

**2.** Both parties dispute whether the facts as alleged are sufficient to prove ownership of the vehicle. We do not address the issue. Nevertheless, the facts alleged by Desert Truck and Denver provide the necessary background for the proper characterization of the replevin action in this case.

action against a public entity for injury that lies in tort or could lie in tort, regardless of whether a claim is asserted for that type of relief. *See* §§ 24–10–106, –108, 10A C.R.S. (1988). The Act also requires that "any person claiming to have suffered an injury by a public entity or by an employee thereof ... shall file a written notice ... within one hundred eighty days after the date of the discovery of the injury...." § 24–10–109, 10A C.R.S. (1988). Compliance with the notice provision is a condition precedent to the assertion of a claim under the Act and failure to comply with the notice requirement bars the claim for injury. *Id.*

■ The Act evidences a legislative intent to protect the state, its political subdivisions, and public employees against unlimited tort liability that would impair their ability to provide essential public services. § 24–10–102, 10A C.R.S. (1988). Although the Act waives the sovereign immunity of a public entity in limited situations, §§ 24–10–106(1), –118(2), none of the legislatively created exceptions to sovereign immunity are applicable to this case.[3] Nevertheless, this appeal raises two issues of first impression for this court. The threshold issue is whether the replevin claim in this case is a tort or could lie in a tort barred by the Act. If the Act applies, we must determine whether governmental immunity against the replevin claim in this case would lead to violation of the just compensation or due process clauses of the Colorado Constitution.

## IV

### *The Replevin Claim*

The history of an action for replevin was succinctly stated in *In re Marriage of Allen,* 724 P.2d 651 (Colo.1986). There we stated that:

> Replevin is a possessory action in which a claimant seeks to recover both possession of personal property that has been wrongfully taken or detained and damages for its unlawful detention. *Metro National Bank v. District Court,* 676 P.2d 19, 22 (Colo.1984); D. Dobbs, *Handbook on the Law of Remedies* § 5.13 at 399–400 (1973). This civil remedy has ancient roots in the common law, but many states have codified the remedy. *See* statutes cited in Dobbs, *Handbook on the Law of Remedies,* § 5.13 at 400 nn. 8–9. Colorado had a statute expressly codifying the law of replevin, found at section 79–11–1 to –19, 4 C.R.S. (1963), but that statute was repealed in 1964. *See* ch. 45, sec. 73, 1964 Colo. Sess. Laws 409, 436. At that time, the legislature expressed its intent that "[i]n an action for the possession of specific personal property, claim and delivery (replevin) proceedings shall be available to the plaintiff as provided in the Colorado rules of civil procedure." Ch. 45, sec. 52, 1964 Colo.Sess.Laws 409, 427. Accordingly, C.R.C.P. 104 now governs actions for replevin in this state.

*In re Marriage of Allen,* 724 P.2d at 656. Rule 104 provides in pertinent part that:

> (a) **Personal Property.** The plaintiff in an action to recover the possession of personal property may, at the time of commencement of the action, or at any time before trial, claim the delivery of such property to him as provided in this Rule.

> (b) **Causes, Affidavit.** Where a delivery is claimed, the plaintiff, his agent or attorney, or some credible person for him, shall, by verified complaint ... show to the court as follows:

> (1) That the plaintiff is the owner of the property claimed or is entitled to possession thereof and the source of such title or right; ....

> (2) That the property is being detained by the defendant against the plaintiff's claim of right to possession; the means

---

**3.** In its complaint, Desert Truck alleged that its injury was accompanied by fraud, malice, or wanton or reckless disregard for its rights. Section 24–10–118(2) states that an employee is not immune from liability if the injury results from willful or wanton conduct. *See* § 24–10–118(2), 10A C.R.S. (1988). However, Desert Truck's claims are against the City of Denver. A public entity is not liable directly or indirectly for punitive or exemplary damages or for damages for outrageous conduct. *See* § 24–10–114(4), 10A C.R.S. (1988).

by which the defendant came into possession thereof, and the specific facts constituting detention against the right of the plaintiff to possession.

. . . .

(p) **Judgment.** In an action to recover the possession of personal property, judgment for the plaintiff may be for the possession or the value thereof in case a delivery cannot be had, and damages for the detention. If the property has been delivered to the plaintiff, and the defendant claims a return thereof, judgment for the defendant may be for a return of the property, or the value thereof in case a return cannot be had, and damages for taking and withholding the same. The provisions of Rule 13, C.R.C.P., shall apply to replevin actions.

C.R.C.P. 104(a), (b)(1)(2), (p).

The district court, citing decisions from other jurisdictions, held that Desert Truck's replevin claim sounded in tort, and that it did not have jurisdiction over a "replevin tort claim" without proper notice. *See Totaro v. Lyons,* 498 F.Supp. 621, 627 (D.Md.1980) (an action for replevin, i.e., one to recover property wrongfully appropriated, sounds in tort); *Ablah v. Eyman,* 188 Kan. 665, 365 P.2d 181, 190 (1961) (actions in replevin, although restitutionary in character, are classified as tort actions); *Clark v. City of New York,* 98 Misc.2d 660, 414 N.Y.S.2d 481, 482 (N.Y.Civ.Ct.1979) (replevin is based on a tortious act and is an action *ex delicto* ). We agree that the Governmental Immunity Act required dismissal of Desert Truck's replevin claim.

### A

■ Proper characterization of a replevin claim requires an analysis of its basic elements—the plaintiff's ownership or right to possession, the means by which the defendant came to possess the property, and the detention of the property against the rights of the plaintiff. C.R.C.P. 104(b)(1), (2). The circumstances surrounding the defendant's acquisition of property upon which a replevin claim is based need not be unlawful. *See, e.g., ENT Fed. Credit Union v. Chrysler First Fin. Servs.*

*Corp.,* 826 P.2d 430 (Colo.App.1992) (holder of purchase money security interest in mobile home brought replevin action against mortgagee which had received a certificate of purchase after foreclosure); *Road Material & Equip. Co., Inc. v. McGowan,* 229 Miss. 611, 91 So.2d 554 (1956) (action in replevin to recover a dragline machine sold under a conditional sales contract with installment notes on which defendant defaulted). The object of a replevin action is to determine the right to possession, and the evidence presented in a replevin case relates to proof of title and ownership. C.R.C.P. 104(b)(1); *see Amarillo Auto Auction, Inc. v. Hutchinson,* 135 Colo. 320, 322, 310 P.2d 715, 716 (1957) (the only issue to be determined in replevin is ownership and right of possession). Because the objective of a replevin action is to obtain possession of personal property, some jurisdictions have refused to identify replevin as a tort. *See, e.g., Womack v. City of Oklahoma City,* 726 P.2d 1178, 1181 (Okla.1986) (statutory replevin action is not to resolve a tort claim but for vindication of proprietary interest in immediate possession); *Road Material & Equip. Co., Inc. v. McGowan,* 91 So.2d at 556 (although replevin is founded upon a tortious detention of property, it is not an action to determine claims sounding in tort). We do not find these authorities persuasive in determining whether Desert Truck's replevin claim is barred by the Act.

### B

■ In resolving whether Desert Truck's replevin claim is barred by the Governmental Immunity Act, we need not determine whether all replevin claims are torts. Under the Governmental Immunity Act, how the plaintiff characterizes its claim is not the question. The dispositive question is whether the claim is a tort claim or *could be a tort claim* for purposes of analysis under the Governmental Immunity Act. Section 24–10–105 provides:

It is the intent of this article to cover all actions which lie in tort or could lie in tort regardless of whether that may be the type of action or the form of relief

chosen by the claimant.... Nothing in this section shall be construed to allow any action ... except in compliance with the requirements of this article.

§ 24–10–105, 10A C.R.S. (1988).

Although replevin is a possessory action to determine a plaintiff's right of possession of personal property, *Amarillo Auto Auction, Inc. v. Hutchinson*, 135 Colo. at 322, 310 P.2d at 716, the gist of the replevin action in this case is Denver's detention of the property against Desert Truck's claim of ownership and a right to possession. C.R.C.P. 104(b)(2). Desert Truck does not dispute that the vehicle was lawfully seized by Denver police, *see* § 42–5–107, 17 C.R.S. (1984 & 1991 Supp.), but asserts that Denver's continued detention of the Rolls Royce is wrongful because Desert Truck has proven ownership. Thus, Desert Truck has pled an action in replevin *in detinet*—"[r]eplevin ... where defendant rightfully obtained possession of property but wrongfully detains it." Black's Law Dictionary, (6th ed. 1990).

Desert Truck's claim that its property is "wrongfully" detained sounds in tort and is or could be a tort. Desert Truck has or is pursuing other claims for the seizure of the Rolls Royce on other theories that do not sound in tort.[4] In its replevin complaint, Desert Truck sought the return of the Rolls Royce and damages for its unlawful detention, loss of use, and for any physical damage to the vehicle resulting from its detention. Rule 104 authorizes a claim for damages for unlawful detention of personal property. *See* C.R.C.P. 104(p). A claim for damages resulting from detention of property may lie in tort. Under the facts of this case, we hold that Desert Truck's replevin claim could lie in tort and its claim for damages based on the detention of the vehicle is a tort claim under the Act. As such, the claims are barred by the Governmental Immunity Act unless supported by

facts demonstrating conduct for which sovereign immunity has been waived. §§ 24–10–106 –118(2); *see also Valley Gypsum Co., Inc. v. Pennsylvania State Police*, 135 Pa.Cmwlth. 548, 581 A.2d 707, 710 (1990) (state police enjoy sovereign immunity in replevin action brought by claimant seeking return of trailer). The record does not reflect that sovereign immunity has been waived.

Since sovereign immunity bars Desert Truck's replevin action against Denver, we must determine whether barring recovery under the Act results in a taking of private property without just compensation or a violation of due process under the Colorado Constitution.

## V

### *Constitutional Claims*

#### A

■ Desert Truck did not assert its constitutional claims either in its complaint or in opposition to Denver's motion to dismiss for lack of jurisdiction but raised the constitutional claims for the first time in the court of appeals. In ruling on Denver's motion to dismiss, the district court was limited to the record which consisted of the complaint, and the pleadings filed by Denver. *See McDonald v. Lakewood Country Club*, 170 Colo. 355, 360, 461 P.2d 437, 440 (1969). Appellate review of the district court's dismissal of the complaint is similarly limited. *Id.* at 361–62, 461 P.2d at 440.

■ Challenges to the constitutionality of a statute, which are not properly preserved for review in the trial court, should not be considered for the first time on appeal. *See Manka v. Martin*, 200 Colo. 260, 264, 614 P.2d 875, 877 (1980), *cert. denied*, 450 U.S. 913, 101 S.Ct. 1354, 67

---

4. The Rolls Royce was impounded on November 9, 1987. A replevin action, which did not assert a violation of the due process clause was filed in August, 1988. Both parties acknowledge in their briefs that Denver has filed a separate complaint, Civil Action No. 89CV14836, that is presently pending for a postseizure hearing to obtain an order for the disposal of the vehicle.

§ 42–5–110, 17 C.R.S. (1991 Supp.). In addition, in November 1989, Desert Truck commenced a civil rights action against Denver pursuant to 42 U.S.C. § 1983 that was dismissed on the grounds of *res judicata*. Desert Truck's civil rights action is on appeal to the Colorado Court of Appeals (No. 91CA0799).

L.Ed.2d 338 (1981); *Hessling v. City of Broomfield,* 193 Colo. 124, 128, 563 P.2d 12, 14 (1977). Therefore, the court of appeals erred in addressing Desert Truck's constitutional claims. Desert Truck asserted in the court of appeals that its claims arose under article II, sections 15 and 25 of the Colorado Constitution and were not barred by the Governmental Immunity Act. The court of appeals agreed and we have granted certiorari to review the constitutional claims addressed by the court of appeals.

### B

■ The court of appeals agreed with the district court's conclusion that Desert Truck's claim appeared to be within the scope of the Act. *Desert Truck,* 821 P.2d at 861. However, in reversing the district court, the court of appeals held that "certain causes of action even though they lie, or could lie, in tort are excluded from the coverage of the Governmental Immunity Act," *id.,* and that Desert Truck's claim arose under the just compensation and due process clauses of the Colorado Constitution. *Id.* at 862. Relying on the decisions in *Jorgenson v. City of Aurora,* 767 P.2d 756 (Colo.App.1988) and *SRB v. Board of County Commissioners,* 43 Colo.App. 14, 601 P.2d 1082 (1979), the court of appeals held that Desert Truck's claim was excluded from the coverage of the Governmental Immunity Act. *Desert Truck,* 821 P.2d at 862. We disagree.

Neither *Jorgenson* nor *SRB* justifies or supports the exclusion of an action in replevin from the Governmental Immunity Act. In *SRB* and *Jorgenson,* the court of appeals held that claims for property damage and inverse condemnation under art. II, § 15 of the Colorado Constitution are not within the coverage of the Act.[5] However, no fair reading of Desert Truck's complaint supports a claim for inverse condemnation under art. II, § 15 of the Colorado Constitution. Assuming that a governmental agency has the power of eminent domain, "[i]nverse condemnation is 'a shorthand description of the manner in which a landowner recovers just compensation for a taking of his property when condemnation proceedings have not been instituted.'" *State of Colorado Dept. of Health v. The Mill,* 809 P.2d 434, 437 (Colo. 1991) (citing *United States v. Clarke,* 445 U.S. 253, 257, 100 S.Ct. 1127, 1130, 63 L.Ed.2d 373 (1980)).

Here, the seizure of the vehicle was not a taking of private property for public purposes. *See* Colo. Const. art. II, § 15. Section 42–5–110(1), 17 C.R.S. (1991 Supp.), prohibits the possession or sale of a motor vehicle that has had the VIN number defaced or removed.[6] The vehicle was seized and impounded by a police officer pursuant to section 42–5–107, 17 C.R.S. (1984 & 1991 Supp.),[7] which was a lawful exercise of Denver's police power. As the Tenth Circuit stated:

Police power should not be confused with eminent domain, in that the former con-

5. We have not considered and do not determine the issues addressed by the court of appeals in *SRB* and *Jorgenson.* Also, we note that the facts of *Jorgenson* and *SRB* are distinguishable from this case. *Jorgenson* involved a claim that the City of Aurora appropriated, without compensation, the plaintiff's drainage easement when it disapproved plaintiff's drainage plan. In *SRB,* the plaintiff claimed damages for property destroyed during a disaster emergency.

6. Section 42–5–110(1) states:

   (1) No person shall knowingly buy, sell, offer for sale, receive, or have in his possession any motor vehicle or component part thereof from which the vehicle identification number or any number placed on said vehicle or component part for its identification by the

manufacturer has been removed, defaced, altered, or destroyed unless such vehicle or component part has attached thereto a special identification number assigned or approved by the motor vehicle division in lieu of the manufacturer's number.

7. Section 42–5–107, as amended, states:

   (1) All peace officers are authorized to take and hold possession of any motor vehicle or component part if its engine number, vehicle identification number, or manufacturer's serial number has been altered, changed, or obliterated or if such officer has good and sufficient reason to believe that the motor vehicle or component part is not in the rightful possession of the driver or person in charge thereof.

   § 42–5–107, 17 C.R.S. (1991 Supp.).

trols the use of property by the owner for the public good, authorizing its regulation and destruction without compensation, whereas the latter takes property for public use and compensation is given for property taken, damaged or destroyed.

*Lamm v. Volpe,* 449 F.2d 1202, 1203 (10th Cir.1971), *cert. denied,* 405 U.S. 1075, 92 S.Ct. 1495, 31 L.Ed.2d 809 (1972).

Under the facts of this case, barring Desert Truck's claim on the basis of sovereign immunity does not implicate the just compensation clause of the Colorado Constitution. The doctrine of sovereign immunity, in some instances, is inequitable, but the General Assembly recognized that the state and its political subdivisions provide essential public services which would be unduly hampered by the imposition of unlimited tort liability. In enacting the Governmental Immunity Act, the General Assembly described in minute detail the circumstances that can result in tort liability for a public entity or its employees. *See* §§ 24–10–106(1), –118(2), 10A C.R.S. (1988). An action in replevin to obtain possession of a vehicle seized pursuant to a valid exercise of Denver's police power, and damages for its detention is not an excep-

tion under the Act. The sovereign immunity granted by the General Assembly is the basis for the denial of compensation to Desert Truck. *See In re Air Crash Disaster at Stapleton,* 720 F.Supp. 1465, 1476 (D.Colo.1989).

Desert Truck also claims that the exclusion of replevin as a remedy violates its due process rights under the Colorado Constitution. Colo. Const. art. II, § 25. We disagree. Desert Truck admits that its claim is not an inverse condemnation action but relies on *State Dept. of Health v. The Mill,* 809 P.2d 434, 440 (Colo. 1991), for the proposition that inverse condemnation is not the exclusive remedy for a "taking" claim and that a "regulatory taking" claim is not barred by the Governmental Immunity Act. Desert Truck does not challenge the validity of the initial seizure or contend that it was entitled to a hearing before the seizure of the vehicle. Clearly, it was not. *See People v. Bossert,* 722 P.2d 998, 1007 (Colo.1986).[8] The essence of its argument is that replevin is the only remedy available to protect its due process rights since initiation of a postseizure hearing under section 42–5–110, 17 C.R.S. (1991 Supp.) is controlled by Denver.[9] Placing

---

**8.** Decided prior to the 1988 amendment of section 42–5–107, 17 C.R.S. (1984).

**9.** The postseizure hearing is currently pending and provides Desert Truck with a procedure to obtain the return of the Rolls Royce by presenting proof of ownership and sets forth in pertinent part:

(2) Whenever such motor vehicle or component part comes into the custody of a peace officer, it shall be destroyed, sold, or otherwise disposed of under the conditions provided in an order by the court having jurisdiction. No court order providing for disposition shall be issued unless the person from whom the property was seized and all claimants to the property ... are provided a postseizure hearing by the court having jurisdiction within a reasonable period of time after the seizure. This postseizure hearing shall be held on those motor vehicles or component parts for which true ownership is in doubt.... Nothing in this section shall, however, preclude the return of such motor vehicle or component part to the owner by the seizing agency following presentation of satisfactory evidence of ownership and, if it is determined to be necessary, upon assignment

of an identification number to the vehicle or component part by the motor vehicle division. (3) Whenever such motor vehicle or component part comes into the custody of a peace officer, the person from whom the property was seized and all claimants to the property whose interest or title is noted on the records of the motor vehicle division shall be notified within ninety days of seizure of the seizing agency's intent to commence a postseizure hearing as described in subsection (2) of this section....

4(a) A hearing on the disposition of the motor vehicle or component part shall be held by the court having jurisdiction within a reasonable time after the seizure. The hearing shall be before the court without a jury.

....

(c) If the evidence reveals that the identification number of the motor vehicle or the component part has been removed, altered, or destroyed and satisfactory evidence of ownership has not been presented, then the property shall be destroyed, sold, or converted to the use of the seizing agency or otherwise disposed of as provided by court order.

....

the responsibility to initiate a postseizure hearing under section 42–5–110 within the control of the seizing agency does not result in a "regulatory taking" or violate the due process clause of the Colorado Constitution. We read the statute as granting the person from whom the property was seized and all claimants to the property their right, upon request, to have a postseizure hearing if a demand has not been made by the seizing agency. In this case the property was seized before the effective date of the statute but the court has not entered an order for disposition of the property. Since the hearing requested by Denver is pending, Desert Truck is entitled to the protection of the statute.[10]

### C

A legislative enactment is presumptively valid and a challenge to its constitutionality must be proven beyond a reasonable doubt. *See People v. Schwartz*, 678 P.2d 1000, 1005 (Colo.1984). "[G]overnmental action in the form of regulation may not be so onerous as to constitute a taking which constitutionally requires compensation," but "conditions imposed in the exercise of the police power are valid as long as they are 'reasonably conceived.' " *Bethlehem Evangelical Lutheran Church v. City of Lakewood*, 626 P.2d 668, 673 (Colo.1981); *see King's Mill Homeowners v. Westminster*, 192 Colo. 305, 312, 557 P.2d 1186, 1191 (1976). The purpose of the Automobile Theft Law is to curb the traffic of stolen automobiles and stolen automobile parts, *People v. Smith*, 193 Colo. 357, 359, 566 P.2d 364, 365 (1977), and the statute must be construed to give effect to the intent of the General Assembly. *See In the interest of R.C.*, 775 P.2d 27, 29 (Colo. 1989); *Ingram v. Cooper*, 698 P.2d 1314, 1315 (Colo.1985). Therefore, we must assume that the General Assembly intended the postseizure hearing to be the exclusive

remedy for repossession of property seized pursuant to the statute. It is illegal to possess a vehicle with the VIN number altered or defaced, which is presumably "contraband." *See People v. Rautenkranz*, 641 P.2d 317, 319 (Colo.App.1982).[11] Thus, placing the responsibility to initiate a postseizure hearing within the control of the seizing agency is consistent with the statute's purpose of controlling the flow of illegal vehicles or vehicle parts. "[W]here there is a seeming conflict between an assertion that one is deprived of his property without 'due process of law' on the one hand, and a reasonable exercise of the police power on the other hand, the latter takes precedence and a violation of 'due process' cannot be asserted to stay the legitimate exercise of police power." *Western Power & Gas Co. v. Southeast Colorado Power Ass'n, Inc.*, 164 Colo. 344, 352, 435 P.2d 219, 223 (1967).

Nothing in the statute precludes the return of the vehicle prior to the hearing to an individual who presents satisfactory evidence of ownership, § 42–5–110(2), 17 C.R.S. (1991 Supp.), and the postseizure hearing complies with the notice and hearing requirements of article II, section 25 of the Colorado Constitution. The hearing is mandatory, and must be granted. § 42–5–110(3). In the postseizure hearing, Desert Truck will be afforded an opportunity to prove ownership of the vehicle and to obtain possession of the Rolls Royce. Therefore, Desert Truck's due process rights are adequately protected by the statutorily required postseizure hearing.

We agree that sovereign immunity does not preclude claims under the just compensation clause, *Board of County Commissioners v. Adler*, 69 Colo. 290, 292, 194 P. 621, 622 (1920), and that a "taking" includes a "temporary" taking, which deprives an owner of the use of property.

---

(e) At the hearing, any claimant to the property shall have the burden of providing satisfactory evidence of ownership.
§ 42–5–110(2), (3), (4)(a), (c), (e), 17 C.R.S. (1991 Supp.).

**10.** Although the hearing requested by Denver was filed pursuant to section 42–5–110 which

was not in effect when the Rolls Royce was seized, the prior statute, section 42–5–107(3), 17 C.R.S. (repealed 1988), provided for a postseizure hearing.

**11.** Decided prior to the 1988 amendment of section 42–5–107, 17 C.R.S. (1984).

*First English · Evangelical Lutheran Church v. County of Los Angeles,* 482 U.S. 304, 318, 107 S.Ct. 2378, 96 L.Ed.2d 250 (1987). However, the constitutional issues addressed by the court of appeals and argued by Desert Truck are not supported by a factual foundation in the record.

Accordingly, we reverse and remand this case to the court of appeals with directions to affirm the district court's order dismissing Desert Truck's replevin action.

MULLARKEY, J., concurs in part and dissents in part, and ROVIRA, C.J., joins in the concurrence and dissent.

Justice MULLARKEY concurring in part and dissenting in part:

I concur in the court's opinion holding that the plaintiff's replevin action in this case is barred by the Governmental Immunity Act. The plaintiff sought damages and not only repossession of property allegedly wrongfully detained by Denver. From a fair reading of the complaint, this action lies or could lie in tort, section 24–10–106, 10A C.R.S. (1988), and for that reason is barred by the Governmental Immunity Act. Of more concern to me is the majority's disposition of the court of appeals' constitutional claims analysis. I agree with the majority's conclusion in Part V.A. that no constitutional claims were properly before the court of appeals. Such claims, then, are not properly before us, and certiorari should be dismissed on the constitutional claims as improvidently granted. Accordingly, I do not join in the majority's consideration of the constitutional claims, principally in Parts V.B. and V.C. of the majority opinion. I would leave these important issues for another day when they are properly presented.

I am authorized to say that Chief Justice ROVIRA joins in this concurrence and dissent.