The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Johnathon J. WOOD, Defendant–Appellant.

No. 98CA1104.

Colorado Court of Appeals, Div. I.

March 16, 2000.

Ken Salazar, Attorney General, Paul S. Sanzo, First Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Johnathon J. Wood, Pro Se.

Opinion by Judge METZGER.

Defendant, Johnathon J. Wood, appeals the trial court order denying his motion based on C.R.C.P. 106(a)(4) and C.R.C.P. 107. We affirm.

In 1996, defendant received two concurrent nine-year sentences to the Department of Corrections (DOC). Pursuant to contracts between the DOC and Karnes County, Texas, and between that county and a private corrections facility operating within its borders, defendant was transferred to the private corrections facility to serve a portion of his sentence. He was later transferred back to a privately operated corrections facility in Huerfano County, Colorado, where he remains.

Defendant filed this action seeking his release, contending, in essence: (1) his transfer to Texas was contrary to the Interstate Corrections Compact, § 24–60–1601, et seq., C.R.S.1999; (2) §§ 17–1–105(1)(e) and 17–1–105(1)(f), C.R.S.1999, do not authorize the director of the DOC to transfer a Colorado prisoner to an "out-of-state non-state or county—*i.e.*, private" facility; (3) his "illegal" placement outside Colorado caused the DOC to lose jurisdiction over him and constituted an "implied pardon"; (4) § 30–11–101(1)(h), C.R.S.1999, limits placement of Colorado prisoners to Colorado county jails; and (5) § 17–1–105(1)(f), is unconstitutional as being violative of U.S. Const. art. I, § 10 (the Compact Clause) and art. I, § 8 (the Commerce Clause).

The trial court denied defendant's motion. It found that Colorado law does not recognize the existence of "implied pardons" and, since defendant had failed to satisfy the requirements of § 16–17–102, C.R.S.1999, he was not entitled to a pardon.

## I.

In *Arnold v. Colorado Department of Corrections,* 978 P.2d 149 (Colo.App.1999), a division of this court considered and rejected arguments identical to the first three defendant makes here. We agree with the analysis of that opinion and adhere to it.

## II.

■ We reject defendant's assertion that § 30–11–101(1)(h) limits placement of Colorado prisoners to Colorado county jails. That section empowers counties to "enter into contracts with the executive director of the department of corrections pursuant to § 16–11–308.5, C.R.S., for the placement of persons under the custody of the executive director in county jails or adult detention centers."

Section 16–11–308.5, C.R.S.1999, authorizes the executive director of the DOC to enter into contracts with counties for placement of inmates in a local jail. This provision applies particularly to those inmates "who will eventually be released in that county ... or geographic area, or who have special protective needs, or who have occupational skills or plans that are compatible with the county's ... needs."

■ We must interpret these statutes according to their plain meaning, and should seek to effectuate the legislative intent by giving them consistent, harmonious, and sensible effect so as to reach a just and reasonable result. *Colorado v. Nieto,* 993 P.2d 493 (Colo.2000).

These provisions, read together, do not limit placement of Colorado inmates to county jails. Instead, these provisions authorize such placement for certain inmates in certain situations. Therefore, contrary to defendant's argument, they must be read as supplementary to and not as superseding the authority granted to the director of the DOC by § 17–1–105(1)(f) to transfer inmates out of state.

## III.

■ Nor do we agree with defendant that § 17–1–105(1)(f) is unconstitutional as violative of the Compact Clause and the Commerce Clause.

That statute provides:

The authority to enter into contracts and agreements with other jurisdictions, including other states, the federal government, and political subdivisions of this state, for the confinement and maintenance of offenders sentenced to imprisonment by the courts of this state and the authority to reimburse such jurisdictions for the expenses incurred by such jurisdictions in the confinement and maintenance of said offenders.

■ A statute is presumed to be constitutional. *City & County of Denver v. Desert Truck Sales, Inc.,* 837 P.2d 759 (Colo.1992). One who raises a constitutional challenge must prove, beyond a reasonable doubt, that the statute impairs a right granted by the United States Constitution. *See People v. Black,* 915 P.2d 1257 (Colo.1996).

Defendant here has not established that § 17–1–105(1)(f) impairs any of his rights. And, to the extent his argument can be interpreted to be an assertion that he has a right to be housed in a particular facility, the decision in *Moody v. Daggett,* 429 U.S. 78, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976), which rejected that proposition, is dispositive. Thus, defendant's argument must fail.

## IV.

In light of this disposition, defendant's remaining arguments are moot.

The order is affirmed.

Judge RULAND and Judge NIETO concur.